### FOUGERA & Co. v. UNITED STATES (No. 1963).[1]

CONSTRUCTION, PARAGRAPH N, SECTION III, TARIFF ACT OF 1913—"THE COLLECTOR SHALL TRANSMIT * * * EXHIBITS"—PRACTICE ON APPEAL.

The provision of paragraph N, Section III, tariff act of 1913, that "the collector shall transmit the * * * exhibits to the board of nine general appraisers" can not be construed as authority for a motion originating in this court for an order to the Board of United States General Appraisers directing them to send to this court the official samples of the merchandise, which were not forwarded to the board by the collector but were retained by the appraiser. It can not be permitted a party to add thus to the record either pleading or evidence not before the trial court.

United States Court of Customs Appeals, December 12, 1919.

MOTION by the United States for order to Board of United States General Appraisers on appeal from Abstract 42768.

[Denied.]

*Bert Hanson,* Assistant Attorney General, for the motion.
*Walter Evans Hampton,* contra.

---

[1] T. D. 38222 (37 Treas. Dec., 294).

Before MONTGOMERY, SMITH, BARBER, DE VRIES, and MARTIN, Judges.

MONTGOMERY, Presiding Judge, delivered the opinion of the court:

This case having been appealed from a decision of the Board of General Appraisers, the Assistant Attorney General, upon an affidavit that certain samples which are deemed essential to a proper presentation of the issues raised in appellants' brief, were never forwarded to the Board of General Appraisers by the collector, but were retained by the appraiser at the port of New York, asks that an order issue directing the Board of General Appraisers to send to this court the official samples of the merchandise so retained by the appraiser.

The application is based upon paragraph N of section 3 of the tariff act of 1913, which provides that—

Upon such payment of duties, protest, and deposit of protest fee, the collector shall transmit the invoice and all the papers and exhibits connected therewith to the board of nine general appraisers. for due assignment and determination as provided by law.

The view adopted by the Government's counsel appears to be that although admittedly the collector did not send forward any exhibits to the Board of General Appraisers, the case has precisely the same status as it would have had had he done so, and that the exhibits are to be treated as constructively a part of the file or at least within the control of the board.

We are unable to take this view of the proceedings. If it be assumed that the exhibits referred to in paragraph N include the samples in the possession of the appraiser, the fact remains that, as in every court, when the return of the proper officer of the record of the proceedings had before him (as in this case the collector) is made, this makes up the record with which the court (in this case the board) has to deal. If the report is incomplete; if, as in this case, there is an omission of something deemed important, it is open to either party who does not desire to risk his case upon the record as it is made up and presented to move for an amended return. This is the common and regular practice.

It appears in this case that as the case was tried below the presence of the samples was not essential to maintain the view which the Government then asserted, and either for that or for other reasons, or perhaps without knowing whether the samples had or had not been returned, the Government's counsel, as well as the importers' counsel, saw fit to proceed to the hearing of the case, each to court a decision in his favor upon the record as made up by the return of the collector to the board. The board has taken the case that the two parties saw fit to present to it. It has decided that case. One party is dissatisfied with the decision and has appealed to this court. The

papers have come forward to this court and the board has thus been divested of jurisdiction in the case. What is sought is not to ask the board to use its power to call in a further return accompanied by the samples for its own use in deciding the case, but to act as an intermediary in securing from the collector of customs these samples and in forwarding them to this court for its use in deciding a case which has thus assumed a form in which it never was presented to the board. Certainly it would be a procedure wholly unfair to the board, for we would be reviewing a decision upon a record which had never been presented to the board. It can not be permitted a party to add to the record either pleading or evidence not before the trial court, upon the showing here made.

Motion *denied.*