SMITH & CO. *v.* UNITED STATES (No. 2103).[1]

EVIDENCE ON APPEAL.

Upon appeal this court can review the case upon only the evidence which was introduced at the trial before the Board of United States General Appraisers; and a motion to enlarge the record by the introduction of an affidavit which was not offered in evidence before the board is denied.—Goodenough Horse-Shoe Manufacturing Co. *v.* Rhode Island Horse Shoe Co. (154 U. S., 635) and Fougera & Co. *v.* United States (9 Ct. Cust. Appls., 284; T. D. 38222).

## United States Court of Customs Appeals, October 26, 1921.

MOTION by appellants to enlarge record.

[Denied.]

Appellants by themselves for the motion.

*William W. Hoppin*, Assistant Attorney General (*Charles D. Lawrence*, assistant attorney, of counsel), contra.

[Oral argument Oct. 4, 1921, by Mr. Hoppin.]

Before DE VRIES, Presiding Judge, and SMITH, BARBER, and MARTIN, Associate Judges.

MARTIN, Judge, delivered the opinion of the court:

The appellants herein have filed a motion seeking an interlocutory order for the admission of a certain affidavit as a part of the record in the case. This motion has been submitted to the court at a preliminary hearing, and the present decision deals with it alone.

It appears that the merchandise consisted of certain secondhand car wheels which were imported from Canada and entered for consumption at the port of Spokane, Wash. The consular invoice described the importation as "180 sets car wheels $1,800," but did not indicate what number of individual wheels would constitute a so-called "set." The importers filed their entry upon this invoice and therein similarly described the merchandise as "180 sets car wheels $1,800," also without specifying the number of wheels in a set. In order, however, as they say, to inform the collector upon that point, the importers filed an affidavit signed by their manager setting out the fact that a set comprised four car wheels together with certain parts and attachments, and that the invoice price of $10 per set was based upon that number. It is alleged by the importers that the affidavit was "annexed and made a part of the original entry," and this is confirmed by the deputy collector who received the entry, and who says that the "affidavit was accepted by me as a part of such entry, and filed with the duplicate copy of the entry, and that said affidavit is still on file at this office with said duplicate copy of said entry." These statements are made under oath by the persons named, and are accepted by the court as true.

---

[1] T. D. 38899.

The affidavit above referred to, and which was thus filed concurrently with the entry, reads as follows:

SPOKANE, WASH., *January 16, 1920.*

I, A. L. Cavin, being first duly sworn, deposes and says that he is the manager of Grant Smith Co., Spokane, Wash., and in such capacity he is familiar with the values of the merchandise covered by the annexed invoice No. 282 and entry, and that the car wheels therein itemized are commercially purchased in sets, each set containing 4 wheels, 2 axles, 4 journals, 4 brasses, and 4 oil cellars, and that the values as shown in the aforesaid invoice is for complete sets, and that the journals, brasses, and oil cellars belonging to these wheel sets are to follow in C. P. car 105222 and C. P. car 201155; that said wheel sets are all secondhand and very much deteriorated, and that their true value at this time is $10 per each complete set.

(Signed)          A. L. CAVIN.

The question as to the number of car wheels included within the term " set " became at once important, for it was found that only 360 wheels had actually been received, and that consequently if it required four wheels to make a set only 90 sets had been received and not 180, as stated in the invoice and entry. The importers thereupon claimed that only 90 sets with a value of $900 had been imported, and accordingly that there had been a nonimportation of one-half of the merchandise set out in the invoice. They demanded a corresponding reduction in the assessment.

The appraiser appraised the importation in accordance with the invoice, as " 180 sets car wheels $1,800," at the same time indorsing the following notation upon the invoice, viz, " 180 2 wheels to a set." The appraiser has since testified as a witness in the case, stating in effect that he believed that there was a shortage in the importation, since a set as he understood the term comprised four wheels, whereas only 180 two-wheel sets had been received, and that he had made the foregoing notation upon the invoice with this conclusion in mind. No appeal for a reappraisement was made, and the collector liquidated the entry by assessing duty upon the merchandise as 180 sets of wheels with a dutiable valuation of $1,800, at the conceded rate of 20 per cent ad valorem.

The importers in the meantime had filed a so-called " declaration " with the collector setting out their claim as aforesaid, and seeking relief by a corresponding reduction in the assessment. The collector referred the question to a special deputy collector, who reported that since liquidation of the entry had intervened the question could be raised only by means of a protest. The importers thereupon filed a protest, setting out their claim for relief upon the ground of nonimportation as aforesaid.

The protest was submitted to the Board of General Appraisers and was overruled, from which decision the importers have appealed. The board based its decision upon an alleged insufficiency of the testimony introduced by the importers in support of their claim.

Since the appeal was lodged in this court the importers have filed a motion here as aforesaid seeking an order whereby the affidavit of Mr. Cavin above copied shall be made a part of the record of the case, and that is the motion now to be decided.

According to our understanding of the record, the affidavit in question was not forwarded to the board by the collector as one of the papers in the case when that officer undertook to "transmit the invoice and all the papers appertaining thereto" to the board in consequence of the filing of the protest. Nor was it brought in any manner to the attention of the board when the case was tried and submitted to it. It does not appear that any motion corresponding to the present one was filed with the board by either party seeking an order similar to the one now sought in this court. Consequently the board of course had no knowledge of the affidavit and did not forward it to the court either as a part of the papers or as testimony in the case.

Upon these facts we are constrained to overrule the motion of the appellants. The order which they seek would amount in effect to a modification or amendment of the record as it was certified to the board by the collector, and subsequently certified to this court by the board. The application for such an amendment comes too late when first presented to this court upon appeal. If the collector, as claimed by appellants, failed to forward to the board in complete form all of the papers which the law required of him, the importers should have brought that fact to the board's attention by a motion to that effect, and a corrected return could have been ordered by the board. But instead of this the case was tried and submitted without any complaint upon this subject. and the record was afterwards certified to this court accordingly. The motion therefore can not now be sustained.

In the analogous case of Goodenough Horse-Shoe Manufacturing Co. v. Rhode Island Horse-Shoe Co. (154 U. S., 635, 636) the Supreme Court said:

We can only reexamine the final judgment in the suit, and for that purpose must look alone to the record of that judgment as it is sent to us. If parts of the record below are omitted in the transcript we may by certiorari have the omissions supplied, but we can not here correct errors which actually exist in the record as it stands in the State court. For that purpose application must be made there, and, if necessary, upon sufficient showing we may remand the case in order that the court may proceed.

To the same effect was the ruling of this court in the case of Fougera & Co. v. United States (9 Ct. Cust. Appls., 284, 286; T. D. 38222), wherein upon a similar showing the court, by Montgomery, Presiding Judge, said "It can not be permitted a party to add to the record, either pleading or evidence not before the trial court, upon the showing here made."

If, however, it be claimed by the appellants that the affidavit in question should now be admitted to the record to serve as evidence of the facts set out in it, it is sufficient to say that upon appeal this court can review the case only upon the testimony which was introduced at the trial before the board. As already noted the affidavit formed no part of the testimony before the board.

The motion is therefore denied.