GRANDMANGE, Surviving Partner, etc., *v.* SCHELL, Collector, etc.

(*Circuit Court, S. D. New York.* November 17, 1887.)

1. CUSTOMS DUTIES—ACTION TO RECOVER EXCESS—SIGNATURE TO PROTEST.
   In an action to recover an excess of duties, the evidence showed that the protest was signed with the firm name, but there was nothing to prove the handwriting or the authority of the individual who wrote the signature. *Held,* that a verdict should have been directed for the defendant.

2. SAME.
   In an action to recover an excess of duties, there was no evidence to prove either the handwriting or the authority of the individual who wrote the firm name to the protest, and added his initial to the signature. *Held,* that the acceptance of the protest by the collector was no waiver, as he was under no obligation to inquire into the authority of the person protesting before he received the written protest.

3. SAME—ACTION TO RECOVER EXCESS—PROOF OF PROTEST.
   Rev. St. U. S. § 3011, provides that, in suits to recover an excess of duties, it is necessary for the plaintiff to have protested at or before the time of payment of the duties. With regard to one entry, there was only the naval-office copy, and as to the other entry, there was a copy of the collector's entry with a mark at the upper left hand corner, which looked as if at one time there might have been something attached. *Held,* that there was nothing to leave to the jury to prove that such a protest as the law requires was served.

4. EVIDENCE—DOCUMENTARY—CUSTOM-HOUSE RECORDS.
   Regulations of the secretary of the treasury for the administration of the custom-houses, section 625, requires the officer who has charge of the inspection and deliveries from vessels to make returns, in writing, of each delivery, within three days; and section 517 requires the assistant store-keeper or whoever was in charge of the warehouse to keep accurate account of all goods received, delivered, and transferred. *Held,* that the records kept under those regulations were competent evidence, without the testimony of the individuals who made the entries.

This was an action to recover excess of duties on importations of *mousselines de laine.* It was conceded that the amounts paid on all the 83 separate importations were excessive, but defendant claimed that plaintiff had failed to show that he paid the excessive duties, to get possession of his goods, or that he protested at the time, and in the form required by the act of February 26, 1845, (5 St. 727.)

LACOMBE, J.; (*orally.*) The motion of the defendant to direct a verdict as to Exhibit No. 47, (or rather as to one case by No. 47,) where there is no proof of the authority to sign the claimant's name to the protest, is granted. The statute requires the protest to be signed by the claimant. It may, of course, be signed by a properly authorized agent of the claimant, but there is nothing here to prove either the handwriting or the authority of the individual who wrote the firm name to this protest, and added his initials to the signature. Nor is there anything in the contention that the protest was accepted at the custom-house, because the collector was under no obligation to inquire into the authority of the person protesting, before he received the written protest.

The defendant has also moved for a direction of verdict in his favor, as to Nos. 18 and 22—the entries by the Arabia and the Arago—on the

ground that the plaintiff has not proved service of protest as the statute requires. The only evidence which is offered, or all that is claimed as evidence, of that fact is the letter of the secretary of the treasury, the protests in some six or seven other cases, and certain marks on the face of one of the entries. The secretary of the treasury heard appeals under the act of 1857; and all that under the statute it was necessary to show in order to give him jurisdiction to hear the appeal was that, within 10 days *after* entry, a notice of dissatisfaction, in writing, was given to the collector, and that an appeal was taken within 30 days after entry. The protest which it is necessary for the plaintiff to show, to entitle him to recover in this suit, however, is a protest made at or before the time of payment. So that if payment was made the day after entry, the protest which he must show now, to entitle him to recover, is one which must have been made then; but the notice of dissatisfaction, in writing, which was sufficient to entitle the secretary of the treasury to hear the appeal, might have been served eight days after the actual payment, and still be within 10 days after the entry. The letter of the secretary of the treasury simply affirms the action of the collector, and states no ground. In the letter some eight or nine different importations, by different vessels, are referred to. As to six or seven of these the entries are in evidence, and attached to each of them there is a protest. As to one entry by the Arabia, there is the naval-office copy only; and as to the other, by the Arago, there is the collector's copy of entry, with a mark at the upper left hand corner which looks as if at one time there might have been, either by paste, or by a wafer, something attached there. From that I am asked to leave it to the jury to determine that the plaintiff served, at or before the time of the payment of the duties, upon the collector of the port, or on the person properly authorized to receive such service for the collector, a protest in writing, setting forth distinctly and specifically the grounds of objection, and signed by the claimant, or by his properly authorized agent. I think that to leave it to the jury to determine, from such evidence as this, that such a protest was served would be to invite them simply to guess at the facts; and therefore I shall grant the motion as to Nos. 18 and 22, giving the plaintiff an exception.

The defendant also asks that a verdict be directed as to Nos. 3, by the Geo. Hurlbert, and 5, by the Asia, upon the ground that the payment of excessive duty was not made to obtain possession of the goods. The secretary of the treasury is authorized by the statute to make such regulations for the administration of custom-houses, and for the government of the different collectors, as may seem to him proper; and the regulations which he makes under that act are, so far as the employes of the custom-house are concerned, the law as to them. Section 625 of the regulations (which are in evidence) requires the officer who has charge of the inspection and deliveries from the vessels, to make returns, in writing, of each delivery, within three days; and section 517 requires the assistant store-keeper, or whoever was in charge of the warehouse, to keep accurate accounts of all goods received, delivered, and transferred.

The records which are introduced here, kept under those regulations are, under a familiar doctrine of law, competent and admissible evidence and proof of their contents, without the testimony of the individuals who made the particular entries in them. They are the only evidence at all touching these two entries which there is in this case, as to the date of delivery. They show specifically, by the numbers of the cases themselves, and the particular dates given, the dates upon which they were delivered to the importers, some time in July or August; of course, if that stood alone, being the only evidence in the case, the verdict could only be one way. If it should be left to the jury to determine what the fact as to delivery is, upon all the evidence here, and they should find for the plaintiff, would the court be justified in sustaining their verdict upon a motion to set it aside as being against the evidence? I do not think that I would. There is nothing to contradict or impeach the authenticity or accuracy of these entries in any way, except, as plaintiff claims, the fact which is in proof, viz., that the duties were paid on the twentieth of November. From that the plaintiffs contend that, there being a presumption that a public officer discharges his duty, and that the collector does so himself, or through all his various subordinates, each discharging in his own sphere the particular functions which are given in the aggregate to the collector:—under that presumption, and in view of the fact that the law required the payment of duties in cash, it must be assumed that the goods were delivered on or after the payment made on the twentieth of November. The application of the doctrine of presumption cannot be carried so far, in the absence of anything at all to impeach the accuracy of the records produced here as to concede that it might control the direct proof as to the date of actual delivery. I should therefore feel constrained, if the verdict of the jury were for the plaintiffs on that issue, to set aside their verdict as being against the weight of evidence; and for that reason shall direct a verdict for the defendant, on those two items, and give the plaintiffs an exception. The plaintiff claims the right to go to the jury on Exhibits 65, 41, 45, and 46. I shall leave those to the jury, and as to all the others shall direct a verdict for the plaintiff.