### UNITED STATES v. SCHEFER et al.

### (Circuit Court, S. D. New York. February 7, 1896.)

### No. 1,347.

CUSTOMS DUTIES—SUFFICIENCY OF PROTEST—WAIVER BY COLLECTOR.

> The act of the collector in stating, in his return to the board of appraisers, that the requirements of the law have been complied with by the importers, does not operate as a waiver of objections upon the ground of an insufficient protest. The protest being a statutory necessity, it is beyond the power of the collector to waive it.

Appeal on behalf of the United States from a decision of the board of general appraisers which reversed the action of the collector in assessing duty upon the merchandise in question.

Max J. Kohler, Asst. U. S. Atty.
W. Wickham Smith, for defendants.

COXE, District Judge (orally). The question in this cause arises upon the sufficiency of the protest. It is conceded upon the part of the importers that the protest is insufficient, under section 14 of the customs administrative act of June 10, 1890. They contend, however, that the collector is estopped from raising this question, for the reason that in making his return to the board he stated that the requirements of the law had been complied with by the importers. If any proposition of tariff law is clearly established, it is that a valid and timely protest is a condition precedent to a recovery of duties by the importer. I am inclined to think that this is a condition which neither the collector nor any other officer of the United States has power to waive. The protest here is unquestionably insufficient under the section referred to; and although it may, I think, be conceded that the course of the collector was misleading and perhaps unfair to the board of general appraisers, still, when the question is presented to the court, it must be determined upon the well-known rules of law applicable thereto. The contention of the importers if sustained would lead to the proposition that duties can be recovered without any protest at all, provided the collector makes a misleading return to the board by stating that the requirements of the law have in this regard been complied with. If such doctrine is accepted he will have the power to waive protest when he sees fit. I do not so understand the law. A protest is a statutory necessity. As no protest distinctly and specifically setting forth the objections of the importers was served, I fail to see how recovery can be had. The decision of the board of general appraisers is reversed solely upon the ground that no valid protest was served upon the collector.