### SIEGMAN & WEIL v. UNITED STATES.

(Circuit Court, S. D. New York. May 19, 1905.)

No. 3,869.

1. CUSTOMS DUTIES—AUTHORITY OF SECRETARY OF THE TREASURY—REGALIA.
   The Secretary of the Treasury is not empowered to abridge the right of free entry of the articles covered by Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 649, 30 Stat. 194 [U. S. Comp. St. 1901, p. 1687], relating to regalia, etc.

2. SAME—CLASSIFICATION—REGALIA—PRODUCTION OF PROOF.
   Proof that certain imported regalia was entitled to admission under Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 649, 30 Stat. 194 [U. S. Comp. St. 1901, p. 1687], was not produced at the time of entry as required by the customs regulations, but was offered the collector before he had liquidated the entry. *Held*, that free entry should have been allowed by the collector.

On Application for Review of a Decision of the Board of United States General Appraisers.

Note, United States v. Goodsell, 91 Fed. 519, 33 C. C. A. 661.

The decision below affirmed the assessment of duty by the collector of customs at the port of New York. The case involved the validity of article 562, Customs Regulations 1899, so far as it relates to Tariff Act July 24, 1897, c. 11, § 2, Free List, par. 649, 30 Stat. 194 [U. S. Comp. St. 1901, p. 1687]. The pertinent portion of said article reads as follows:

"Art. 562. When entry is made free of duty under paragraphs * * * 649, * * * of the act of July 24, 1897, the oath or declaration required of the importer or consignee must be actually made at the time of entry, and no bond for the production of the same will be accepted in lieu thereof."

Curie, Smith & Maxwell (W. Wickham Smith, of counsel), for Importers.

Henry A. Wise, Asst. U. S. Atty.

TOWNSEND, Circuit Judge. The importation herein comprises church regalia, claimed to be free under the provisions of Act July 24, 1897, c. 11, § 2, Free List, par. 649, 30 Stat. 194 [U. S. Comp. St. 1901, p. 1687]. The oaths necessary to establish the right to free entry were not before the collector at the time of making the entry, but they were before him at the time of its liquidation. There is no regulation which empowers the Secretary of the Treasury to abridge the right of free entry of articles such as those here in question when imported under the conditions shown to exist herein; and inasmuch as the evidence of said right was before the collector at the time of his action, duty should not have been assessed.

The decision of the Board of General Appraisers is reversed.