J. P. NAVAILLES *v.* UNITED STATES[1]

United States Customs Court, Third Division

(Decided June 30, 1938)

*Tompkins & Tompkins* (*J. Stuart Tompkins* of counsel) for the plaintiff.
*Charles D. Lawrence*, Acting Assistant Attorney General (*Joseph E. Weil*, special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges; CLINE, J., not participating

EVANS, Judge: This is an action against the United States in which the plaintiff seeks to recover money claimed to have been collected in

---

[1] C. D. 5.

excess as customs duties upon an importation of tomatoes in their natural state shipped from Cuba. Plaintiff claims that he should have received the benefit of the rate provided for tomatoes under the Cuban Trade Agreement, T. D. 47232, and alleges that the record shows that the shipment arrived prior to March 1, 1937.

The collector of customs at the port of New Orleans assessed duty thereon at the rate of 3 cents per pound less 20 per centum under the provisions of paragraph 772 of the Tariff Act of 1930 and the Treaty of Commercial Reciprocity between the United States and Cuba concluded December 11, 1902, and approved by Congress by the act of December 17, 1903, 33 Stat. 3; U. S. C. title 19, sections 124 and 125.

At the hearing no testimony was produced but the following agreement was entered into by counsel:

Mr. Tompkins. This case is purely a question of law. The question in controversy consists of 700 lugs of tomatoes, shipped from Cuba, arriving on the S. S. "Seatrain" at the Port of New Orleans on February 27, 1937. That was on a Saturday, but the entry, according to the collector's report and the official papers, was not filed nor duties paid until March 1, 1937, and the question is whether the duty is as claimed in our protest, $0.018, as per T. D. 47232—that is the Reciprocal Trade Agreement with Cuba—or as assessed by the collector, at 3 cents per pound, under paragraph 772. I think it is purely a question of law, and I simply desire to refer to the decision of this court as reported in T. D. 49363 and submit.

Mr. Weil. That is agreed to—all except I don't know whether February 27th was a Saturday; aside from that. The vessel arrived on February 27, 1937; entry was not filed and duties paid until March 1, 1937. The treaty went into effect on—provided that if shipped, arriving in the United States prior to March 1, 1937—and it is merely a question for this court to determine whether they are entitled to benefits under that treaty, in view of the fact, as they claimed, it came in on Saturday and was entered on Monday; and it was after business hours on Saturday. Submitted.

The Cuban Trade Agreement, *supra*, in schedule II thereof, provides a maximum rate of $0.018 per pound on—

Tomatoes in their natural state, when imported *and entered for consumption* during the period from December 1 to the last day of the following February, inclusive, in any years. [Italics supplied.]

The record before us is silent as to the exact time the vessel in which these tomatoes were shipped arrived at the port of New Orleans. The plaintiff in his pleadings alleges it was after closing hours on Saturday, February 27, 1937, to which the Government agreed at the hearing. Article 1445 of the Customs Regulations of 1931, in effect at the time of this importation, as amended by T. D. 48464, provides as follows:

Art. 1445. *Hours of business.*—(a) Customs offices shall be open between the hours of 9:00 a. m. and 4:30 p. m. on all days of the year, except Saturdays, Sundays, and national holidays, and on Saturdays, except national holidays, from 9 a. m. to 1 p. m., unless a variation in these hours is necessitated by local conditions and is approved by the Commissioner of Customs. * * *

We find nothing unreasonable in this regulation nor has it been pointed out that it is contrary to law, or that there arose a necessity of the public service which made it the duty of the collector to have prolonged the hours of business.

Plaintiff's attorney at the hearing, as above set forth, cited the case of *O. E. Barrant* v. *United States*, T. D. 49363. That case held that duties on imported merchandise accrue to the Government immediately upon the arrival of the goods at the proper port of entry *in the absence of an express statute to the contrary.* In the case before us the trade agreement, entered into under authority of a statute the validity of which is not questioned in this proceeding, in effect provided that in order to obtain the benefit of the rate of duty therein levied on tomatoes, the merchandise must be entered for consumption. These tomatoes were not entered for consumption prior to the last day of February 1937, the limitation fixed therein. Inasmuch as we have found that entry was not prevented by any illegal act on the part of the Government officials, we hold that the tomatoes are not entitled to the rate of duty provided for in said trade agreement.

For the foregoing reasons the claim of the plaintiff is overruled.

Judgment for defendant. It is so ordered.