(C. D. 334)

RHODES BROS. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided May 9, 1940)

*Lawrence & Tuttle* (*George R. Tuttle* and *Charles L. Lawrence* of counsel) for the plaintiffs.

*Webster J. Oliver*, Assistant Attorney General (*Joseph E. Weil*, special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges.

KEEFE, Judge: The merchandise involved herein consists of a fur coat assessed for duty under paragraph 1519 (e) of the Tariff Act of 1930 at 50 per centum ad valorem. The plaintiffs claim that the merchandise is entitled to free entry as American goods returned under paragraph 1615 (a) as amended by the Customs Administrative Act of 1938, section 35.

Paragraph 1615 of the act of 1930 provides in part as follows:

PAR. 1615. Articles the growth, produce, or manufacture of the United States, when returned after having been exported, without having been advanced in value or improved in condition by any process of manufacture or other means *if imported by or for the account of the person who exported them from the United States*; * * * [Italics not quoted.]

Paragraph 1615 of the act of 1930, as amended by section 35 of the Customs Administrative Act of 1938, provides in part as follows:

PAR. 1615. (a) Articles, the growth, produce, or manufacture of the United States, when returned after having been exported, without having been advanced in value or improved in condition by any process of manufacture or other means.

At the trial it was established that the regulations attending the free entry of returned American products were fully complied with or waived. The plaintiffs sold the fur coat in question to one Margaret Neumeyer under a conditional sales agreement. The purchaser departed to Vancouver, B. C., taking the coat with her, and failed to make further payments thereon. Later the coat was repossessed by agents of the plaintiffs and returned to the United States, arriving after the passage, but before the effective date, of the Customs Administrative Act of 1938. Entry was made therefor upon July 26, 1938, the day after the act became effective.

The sole question presented is whether classification of the coat is to be governed by the law in force at the time of importation or upon the date of entry. Paragraph 1615 (a), as amended, repeals the requirement in the act of 1930 that returned American goods, in order to be free of duty, shall be "imported by or for the account of the person who exported them from the United States."

The plaintiffs claim that the date of entry is controlling, by virtue of section 315 of the act of 1930, providing in part as follows:

*On and after the day when this act shall go into effect all goods, wares, and merchandise previously imported, for which no entry has been made,* and all goods, wares, and merchandise previously entered without payment of duty and under bond for warehousing, transportation, or any other purpose, for which no permit of delivery to the importer or his agent has been issued, *shall be subjected to the duties imposed by this act and to no other duty upon the entry or the withdrawal thereof.* [Italics not quoted.]

\* \* \* \* \* \* \*

The Government claims that paragraph 1615 (a) refers to articles the growth, produce, or manufacture of the United States, *when returned* after having been exported, and that the word "returned" was used by Congress to indicate that it was the intention that the date of importation controls in case of a change in the provisions of the law; and that if the provision had read "when entered" there would be some grounds for plaintiffs' contention.

It has long been established by the courts that, even though duties accrue upon importation, the importation of merchandise, as between the importer and the Government, is not complete as long as the goods remain in the custody of the officers of the customs. Until they are delivered to the importer, whether on shipboard or in the warehouse, they are subject to any duties on imports which Congress may see fit to impose and also to any new legislation affecting such goods. See *United States* v *Benzon,* 24 Fed. Cases 1112.

The contention of the Government was settled in the case of *Zelnicker Supply Co.* v. *United States,* Abstract 47109, 45 Treas. Dec. 937, where the Government had taken the opposite view to the position taken here. There American goods shipped to Canada were returned on September 15, 1922, under the act of 1913, where the provision for exemption from duty of American goods returned was not restricted to articles imported by the exporter thereof. Entry was made therefor on September 26, 1922, 4 days after the effective date of the Tariff Act of 1922. In the latter act, American goods were granted exemption from duty "if imported by or for the account of the person who exported them from the United States." Notwithstanding that the goods were "returned" to the United States before the effective date of the Tariff Act of 1922, the court upheld the Government's contention that they were properly excluded from

exemption from duty as American goods returned under the provisions of the act of 1913, and, being goods imported into the United States previous to the passage of the Tariff Act of 1922 for which no entry had been made, they were properly the subject of duties imposed by the act of 1922.

Merchandise imported prior to the effective date of the Tariff Act of 1930, for which no entry had been made, is made subject to the duties imposed by said act through the provisions of section 315, which provides that no other duty upon the entry thereof shall be applicable: The administrative act of 1938 amended section 315 of the Tariff Act of 1930, but failed to make any change in the portion thereof quoted above. Where one act repeals another in part only, the two acts must be read together as a single act and the provisions of each are given full force and effect except where they are expressly repealed by the latter act, or are absolutely inconsistent and irreconciliable in terms. See *Vandegrift & Co.* v. *United States*, 9 Ct. Cust. Appls. 112, T. D. 37978.

For the reasons stated the coat in question is properly classifiable under the provisions of paragraph 1615 (a) of the Tariff Act of 1930, as amended by the Customs Administrative Act of 1938, inasmuch as the regulations of the Secretary of the Treasury have been complied with. Judgment will be entered in favor of the plaintiffs directing the collector to reliquidate the entry and make refund of all duties taken.