(C. D. 507)

C. D. LLOYD v. UNITED STATES

United States Customs Court, Third Division

(Dated June 3, 1941)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiff.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Joseph E. Weil,* special attorney), for the defendant.

Before CLINE and KEEFE, Judges

KEEFE, Judge:  This case arising by protest against the action of the collector at Seattle in assessing duties amounting to $73.85 involves certain merchandise described upon the entry as 211 American Boom chains weighing 8,440 pounds.  It is claimed that said duties should be refunded, and by amendment that the chains are free of duty under paragraph 1615 of the act of 1930.

At the trial of this case counsel for the Government moved to dismiss the protest because it was not filed in accordance with the regulations of the Secretary of the Treasury as amended.  Thereafter briefs were filed by counsel for the plaintiff and by Harper & Harper as *amicus curiae* in opposition to the motion, and by counsel for the Government for the motion.

The sections of the Tariff Act of 1930 and the customs regulations as amended, provide as follows:

SEC. 514. PROTEST AGAINST COLLECTOR'S DECISIONS.
* * * all decisions of the collector, * * * as to the rate and amount of duties chargeable * * * shall, upon the expiration of sixty days after the date of such liquidation, reliquidation, decision, or refusal, be final and conclusive upon all persons (including the United States and any officer thereof), unless the importer, consignee, or agent of the person paying such charge or exaction, * * * shall, within sixty days after * * * file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto. * * *

SEC. 515. SAME.

Upon the filing of such protest the collector shall within ninety days thereafter review his decision, and may moaify the same in whole or in part and thereafter remit or refund any duties, charge, or exaction found to have been assessed or collected in excess * * *. If the collector shall, upon such review, affirm his original decision, * * * *then the collector shall forthwith transmit the entry and the accompanying papers, and all the exhibits connected therewith, to the United States Customs Court for due assignment and determination, as provided by law.* [Italics not quoted]

SEC. 624. GENERAL REGULATIONS.

· In addition to the specific powers conferred by this Act, the Secretary of the Treasury is authorized to make such rules and regulations as may be necessary to carry out the provisions of this Act.

*Sec. 66 of Title 19 of the United States Code.*

The Secretary of the Treasury shall prescribe forms of entries, oaths, bonds, and other papers, and *rules and regulations not inconsistent with law,* to be used in carrying out the provisions of law relating to raising revenue from imports, or to duties on imports, or to warehousing, and shall give such directions to collectors and prescribe such rules and forms to be observed by them as may be necessary for the proper execution of the law.

Art. 849. Form of protest.—(a) Protests * * * shall be in duplicate and in writing, addressed to the collector and signed by the party protesting or his agent or attorney. *A protest signed by an agent or attorney shall be rejected by the collector unless there is filed with the collector a power of attorney (customs Form 5295) authorizing such agent or attorney to make, sign, and file the protest or protests, which power shall be limited to a period not to exceed two years from the date thereof, and shall be acknowledged.* Each protest shall show the addresses of the protestant and his agent or attorney, the entry number, importing vessel, date of arrival, and date of liquidation of the entry and shall set forth distinctly and specifically in respect to each entry, payment, claim, or decision the reasons for the objection, citing the rate or rates of duty claimed to be applicable, and the paragraph or section of the law, if any, under which relief is claimed.

The protest in question was filed on the stationery of H. E. Mansfield, Inc., Customs Brokers. At the bottom of the page there appears the signature in type "C. D. Lloyd" and underneath the signature of B. C. Rydberg, which is written directly over the words "Attorney in Fact."

Counsel for the Government concedes that there was a power of attorney on file with the collector but contends that as it was not on Customs Form 5295 such document does not grant authority to anyone to make, sign, and file protests, "as required by section 514 of the Tariff Act of 1930." The Government further contends that article 849 is a reasonable and mandatory regulation and that a protest signed by an agent or attorney who has not on file a power of attorney on Customs Form 5295 specifically authorizing such agent or attorney to make, sign, and file the protest or protests should be rejected by the collector. It is further contended that there is no section in the Tariff Act of 1930 which either expressly or by implication prohibits the Secretary from requiring the submission of a power

of attorney to substantiate the authority of an agent to file a protest with the collector and therefore the Secretary in promulgating. the regulation has not exceeded the authority granted him by law.

Counsel for the Government has cited many decisions of the courts as upholding his contentions and has attempted to distinguish leading cases holding to the contrary, and relying upon cases such as *Boske* v. *Comingore*, 177 U. S. 459, where a regulation of the Internal Revenue Department forbade collectors making their records available for any purpose other than matters relating to the collection of the revenues of the United States and the court held the regulation a wise and proper one and not beyond the authority conferred upon him by Congress. Court stated, as a principle of law, that "a regulation * * * should not be disregarded or annulled unless, *in the judgment of the court,* it is plainly and palpably inconsistent with law." *United States* v. *Morehead*, 243 U. S. 607, involving the Homestead Law where the court found that the regulation does not add a new requirement in exacting the affidavit but merely demands appropriate evidence that the proceeding is initiated in good faith for the single purpose of acquiring a homestead. *Allison* v. *United States*, 11 Ct. Cust. Appls. 297, T. D. 39126, and *Grandmange* v. *Schell*, 32 Fed. 655, and *United States* v. *Schefer*, 71 Fed. 959, involving unsigned, untimely, and insufficient protests which were sent to the Board of General Appraisers by the collector and the contention was advanced that the protests having been forwarded by the collector the Government was estopped from establishing a noncompliance with the law. Also the case of *United States* v. *Brown, Durrell & Co.* 127 Fed. 793, where issue of untimeliness was not raised until after appeal to the district court, and the court upon dismissal of the case stated: "The case in practice, and necessarily, includes the protest, which must be, and always is, forwarded to the board by the collector."

In the case of *Yee Chong Lung & Co.* v. *United States*, T. D. 39191, this court dismissed a protest upon the ground that there was no evidence submitted showing the authority of the agent to sign. Upon appeal the board was reversed, the court holding that the protestant should have been given an opportunity to establish his authority on the trial of the action before the board. The regulations of the Secretary of the Treasury were made pursuant to paragraph N of section 3 of the Tariff Act of 1913, wherein it was provided that the decision of the collector as to the rate and amount of duties upon imported merchandise shall be final and conclusive against all parties interested therein "unless the owner, importer, consignee, or agent of such merchandise" shall file a protest or protests in writing with the collector, etc. The protests there in question were signed with importer's name by the attorneys of record who tried the case before the court. In transmitting the protests the collector noted that there

was no power of attorney on file in the customhouse authorizing the attorneys to sign for the principal. The court observed that "it has long been the law that a protest made by an agent is in law made by the principal," and it was held that the provisions of article 221 of the Customs Regulations of 1915 providing in part that "a power of attorney may be executed for the transaction of a specified part or for all the customs business of the principal" were permissive and not mandatory and do not require a power of attorney must be on file in order to authorize an agent of an importer to file a protest in his behalf. Whether or not the regulation would be lawful if mandatory in terms was not considered. The court observed, however, that "it has long been and now is the law of the United States that the appearance of an attorney in court for a party is evidence of his authority," and in applying that rule the court presumed that he had authority of the importers to file the protests.

The case of *United Bulb Co.* v. *United States*, C. D. 431, involved the collector's refusal to accept a protest which the plaintiff attempted to file. There attorney for the importer offered a protest in writing which was refused upon the ground that there was no power of attorney authorizing him to act as agent for the importer, as required by article 850 of the Customs Regulations of 1931, as amended by T. D. 48707. Importer's attorney filed a protest against such refusal together with a power of attorney which the collector accepted, and therefore the issue was presented to the court. Article 849 of the Customs Regulations of 1937 adopted the language of the amendment in T. D. 48707. The court in sustaining the protest noted that section 624, *supra*, grants general power and authority to the Secretary of the Treasury to make such rules and regulations as may be necessary to carry out the provisions of the act, and stated:

While we do not pass upon the question of the authority of the Secretary of the Treasury to make regulations governing the administrative practice of collector's offices under the general authority granted by section 624 of the Tariff Act of 1930, nevertheless section 514, *supra*, gives no specific authority for such regulations. Therefore the attorney herein is entitled to a hearing before this court at which time he may produce proof of his authority to file the protest which the collector rejected, or, in the alternative, that his action in filing the original protest has been ratified by his principal, in order that he may have his day in court on the merits of his claim.

Counsel for the Government contends that the last two cases above discussed are distinguishable from the case before us. That in the *United Bulb* case, *supra*, the plaintiff had filed a protest which was rejected by the collector because there was no power of attorney on file, and that in the *Yee Chong Lung* case, *supra*, the regulations at that time made the filing of a power of attorney permissive and not mandatory.

In brief of importer's counsel it is contended that the power of attorney upon file with the collector was broad enough to authorize the filing of protest; that even if insufficient, the fact that an attorney of this court had entered an appearance would create a presumption that the protest had been ratified by the importer, within the meaning of the *Yee Chong Lung* case, *supra.*

It is further contended that the regulation in question is in violation of section 515 providing that when a protest is filed the collector, after his period of review, shall forthwith transmit the entry and accompanying papers, etc., to the United States Customs Court for due assignment and determination as provided by law. That the authority to make regulations granted by the statute is directory only and not mandatory, and has been so held in *Mattoon* v. *United States,* T. D. 46160; *Grieve* v. *United States,* T. D. 46895; and *Lentini* v. *United States,* 43599; that article 849 not only precludes "obtaining relief before the Customs Court," but hinders the asking of such relief before such court, and regulations in such language have commonly been held not to be binding, citing *Siegman* v. *United States,* 141 Fed. 491, T. D. 26402; *Waite* v. *Macy,* 246 U. S. 606; and *Pascal* v. *Sullivan,* 21 Fed. 496. In the latter case the court stated:

> While I am not prepared to say that the regulation in question is not a reasonable one for a proper, convenient, and speedy administration of the collector's office, I do not think it was intended, cr, if it had been so intended, that it was in the power of the secretary, by means of it, to make the action of the collector under it ultimately conclusive upon the rights of the importer, or to thereby, in effect, change the rate of duties prescribed by the act of congress.

Counsel further brought to the court's attention the case of *Hedges* v. *United States,* T. D. 27863, where it was held that the Secretary of the Treasury cannot by regulation define who shall be deemed to be a "resident" within the meaning of the law as such a question must be left open to be determined from any competent evidence that may be offered before the court, and contended that likewise the question as to the importer, consignee, or agent having authority to sign a protest is one to be settled by the courts rather than by regulation.

*Amicus curiae* submitted brief upon behalf of the plaintiff contending that section 66, *supra,* in authorizing the Secretary of the Treasury to prescribe rules and forms to be observed refers only to "forms of entries, oaths, bonds, and other papers," and requires that such rules and forms *must be observed by collectors* rather than requiring that the collectors shall enforce such rules and forms upon importers, consignees, or agents, and further that section 624 of the act confers authority upon the Secretary of the Treasury to make rules as may be necessary to carry out the provisions of the act, which may not be construed so as to authorize regulations designed to deny importers

their day in court; and finally that sections 514 and 515 grant the right of protest to the importer, consignee, or agent without limitation, and fail to authorize regulations that infringe upon and limit the rights and privileges granted. Many cases were pointed out sustaining the view of the plaintiff herein that the authority of an agent to act for his principal is a question to be decided by the courts and is not the subject of regulations, such as *Wells, Fargo & Co.* v. *United States,* 7 Ct. Cust. Appls. 346, T. D. 36903; *Bemis Bro. Bag Co.* v. *United States,* T. D. 44558; *Semler* v. *United States,* T. D. 48584; *Bernstein* v. *United States,* T. D. 44800; *Westermann* v. *United States,* C. D. 145; *Moss* v. *United States,* C. A. D. 45, 26 C. C. P. A. 381.

There have been many decisions holding that an agent or attorney may show authority to sign protests at a hearing before the court. See Abstracts 39180, 39908, 40428, 41899, 14407, 20391, T. D. 45963, T. D. 37623, T. D. 44157, T. D. 44800, T. D. 44558; *United States* v. *Kraemer,* 17 C. C. P. A. 448, T. D. 43879; *United States* v. *Straus,* 5 Ct. Cust. Appls. 147, T. D. 34193, wherein the court stated that a protest is not only a notice to the collector of the importer's dissatisfaction with the rate and amount of duty assessed but is also the beginning of an action to recover the excess and it is the duty of the collector to forward the protest to the court. In T. D. 38438 it was held that a filing of a protest cuts off the collector's jurisdiction to do anything except to forward the protest to the board. See also T. D. 38448 and *Fougera* v. *United States,* 9 Ct. Cust. Appls. 284, T. D. 38222.

In our opinion, the language used by this court in the case of *United Bulb Co.* v. *United States, supra,* is very persuasive in the case now before us.

From a careful consideration of the law and the regulations, together with the decisions of the courts upon this subject, we find that neither section 514, 515, 624, nor any other provision of law authorizes the Secretary of the Treasury by regulation to instruct collectors of customs to reject protests filed by an agent unless power of attorney authorizing such agent or attorney to act has been filed with such collectors. Section 515 directs that the collector shall forthwith transmit the papers to this court for determination. The right of an importer to a hearing upon protest of the actions of the collectors in respect to matters upon which Congress has granted a review of official action in section 514 of the Tariff Act of 1930 may not be abridged, obstructed, nor denied by means of regulations promulgated by the Secretary of the Treasury. Consequently it is the opinion of this court that the motion to dismiss the protest herein by reason of noncompliance with such regulations should be denied, as, in our opinion, any regulation obstructing the right of an importer, consignee,

or agent to have a protest forwarded to this court would be a denial of the rights granted in sections 514 and 515 of the Tariff Act of 1930.

For the reasons stated the motion to dismiss the protest is denied.