(C. D. 528)

RHODES BROS. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided September 12, 1941)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel) for the plaintiffs.
*Paul P. Rao*, Assistant Attorney General (*Joseph E. Weil, Richard F. Weeks,* and *Joseph A. Howard, Jr.*, special attorneys), for the defendant.

Before Cline and Keefe, Judges

Keefe, Judge: This action was originally heard and decided in favor of the plaintiffs (4 Cust. Ct. 248, C. D. 334). The merchandise consists of an American-made fur coat, purchased under a conditional sales contract and taken from the United States by the purchaser who ceased to make further installment payments. The fur coat was later repossessed in the foreign country by the seller thereof and returned to the United States. This court held that the return of said coat to the United States prior to the effective date of the amendment to the act of 1930 by the Customs Administrative Act of 1938, when entry was made after the date the act became effective, was insufficient to warrant the exclusion of the article from the provisions of paragraph 1615 (a) as amended, in view of the provisions of section 315 of the act of 1930, as amended, which provides that "On and after the day when this act shall go into effect all goods, wares, and merchandise previously imported, for which no entry has been made * * * shall be subjected to the duties imposed by this act and to no other duty upon the entry or the withdrawal thereof."

Within the time prescribed by law counsel for the Government moved for a rehearing, contending that the notation of liquidation appearing upon the protest of October 15, 1938 was in error; that in fact the entry was liquidated on September 24, 1938; that inasmuch as the protest was not filed with the collector until December 14, 1938, it was not filed within 60 days from liquidation and therefore the decision and judgment of this court should be set aside. Motion of Government was granted and the case restored to the docket.

Upon retrial of the case, the comptroller and assistant secretary of the plaintiff company testified that Rhodes Brothers were the importers of the merchandise and that the firm of J. T. Steeb & Co., Incorporated, is their duly authorized customhouse brokers and duly authorized to take whatever action necessary to protect the company against the collector's action in assessing duty upon the merchandise in this importation; and that the witness had signed the protest as assistant secretary of the importing company.

The deputy collector of customs in charge at the port of Tacoma in 1938 and 1939 testified for the plaintiffs that the protest was first received by his office on November 4, 1938, as that is the date noted as received, although it had been crossed out with red ink. It was his opinion that there must have been a rejection of the protest.

Counsel for both sides stipulated and agreed that this protest was first received or filed with the collector of customs on November 4, 1938, at which time it bore the signature appearing on the right-hand side at the bottom, "Rhodes Brothers, By J. T. Steeb & Co., Inc., Agents, By M. G. Nelson, Atty;" that M. G. Nelson, who signed

the protest upon behalf of J. T. Steeb & Co., failed to have upon file in the customhouse a power of attorney upon customs Form 5295, and consequently the protest was returned.

The deputy collector further testified that the identical protest was again filed or received in his office on December 14, 1938; that the date of liquidation appearing upon the protest was incorrect, inasmuch as the entry was actually liquidated on September 24, 1938.

Counsel for the importers conceded that M. G. Nelson had not filed a power of attorney on Form 5295 authorizing him to file protests on behalf of Rhodes Brothers, the ultimate consignee.

The deputy collector in charge of the liquidating division at the port of Seattle testified for the Government that he had examined the files of the collector's office at Seattle and failed to find any power of attorney on Form 5295 authorizing M. G. Nelson to sign protests for either Rhodes Brothers or J. T. Steeb & Co., Incorporated.

The deputy collector at Tacoma upon being recalled testified upon behalf of the Government that he had custody of files of powers of attorney in favor of persons authorized to file protests and that when this protest was first received at his office he made a search of his files and failed to find that M. G. Nelson had filed such power of attorney to file protests, although there was a general power of attorney on Form 5293 from J. T. Steeb & Co., Incorporated, to M. G. Nelson, dated the 11th day of June, 1936, which empowered said Nelson to act upon the behalf of Steeb in the general transacting of business.

The plaintiffs contend that on November 4, 1938, timely protest was filed against the collector's action and that such protest was valid when filed upon that date and should not then have been rejected by the collector and that the time when the protest was first presented to the collector should be taken as the legal date of the filing thereof.

The Government contends that article 849, Customs Regulations of 1937, provides that a protest shall be rejected by the collector when signed by an agent or attorney unless there is filed with the collector a power of attorney authorizing such agent or attorney to make, sign, and file the protest or protests, which power shall be limited to a period not to exceed 2 years from the date thereof, and that the protest presented on November 4, 1938, signed by M. G. Nelson was properly rejected under said customs regulation because of the absence of such specific power of attorney required under the law.

In the case of *Lloyd* v. *United States* (6 Cust. Ct. 421, C. D. 507) the Government moved to dismiss the protest upon the grounds that it was not filed in accordance with article 849 of the Customs Regulations of 1937, as heretofore set out.

The court held that such regulations of the Secretary of the Treasury were contrary to the right granted by Congress for a review of official action in sections 514 and 515 of the Tariff Act of 1930. The court stated:

The right of an importer to a hearing upon protest of the actions of the collectors in respect to matters upon which Congress has granted a review of official action in section 514 of the Tariff Act of 1930 may not be abridged, obstructed, nor denied by means of regulations promulgated by the Secretary of the Treasury.

Section 514 of the Tariff Act of 1930 provides that all decisions of the collector as to the rate and amount of duties chargeable shall, upon the expiration of 60 days after the date of such liquidation etc., be final and conclusive upon all persons unless *the importer, consignee, or agent of the person paying such charge or exaction*, shall, within 60 days after, file a protest in writing with the collector setting forth distinctly and specifically the reasons for the objection thereto.

Section 515 provides that upon the filing of such protest the collector shall within 90 days thereafter review his decision, etc., and if the collector shall, upon such review, affirm his original decision, *then the collector shall forthwith transmit the entry and the accompanying papers, and all the exhibits connected therewith, to the United States Customs Court for due assignment and determination, as provided by law.*

The protest before us here for consideration was filed on November 4, 1938, by the duly authorized agent of J. T. Steeb & Co., Incorporated. The entry herein was filed in the name of J. T. Steeb & Co., Incorporated, for the account of Rhodes Brothers. The filing of the protest by the duly authorized agent and the entrant was all that was required under the provisions of section 514. It then becomes the collector's duty to act under the mandatory provisions of section 515. This the collector failed to do, but instead, crossed out the stamp marks showing the receipt thereof on November 4, 1938, and returned the protest paper to the person making the entry for compliance with the said regulations of the Secretary of the Treasury.

In the circumstances before us, we are of the opinion that the protest was duly filed upon November 4, 1938, well within the 60-day period granted for the filing of protests. Consequently the motion to dismiss the protest for untimeliness is therefore denied.

In respect to the merits of this case, our decision in *Rhodes Bros.* v. *United States* (4 Cust. Ct., 248, C. D. 334) is adhered to, directing the collector of customs to reliquidate the entry and make refund of all duties taken.