263

**No. 49634.**—Protest 892308–G (A) of Northam Trading Corp. (New York).

Opinion by KINCHELOE, J. It was stipulated that certain of the merchandise is of the same dutiable character as that involved in Abstract 48207. In accordance therewith the protest was sustained to this extent.

Before the Third Division, July 20, 1944

**No. 49635.**—Protest 78533–K of Braun Importing Co., Inc. (New York).

Opinion by EKWALL, J. In view of Abstract 45762 and stipulation of counsel that the ginger is not composed in chief value of manufactured sugar, it was held that the tax is not applicable thereto.

**No. 49636.**—Protest 101842–K of Western States Importing Co. (San Francisco).

Opinion by EKWALL, J. At the hearing it was agreed by counsel that the liquidation was erroneously made. The protest was therefore sustained to this extent.

**No. 49637.**—Protest 935128–G of Samuel S. Perry (Seattle).

Opinion by EKWALL, J. At the hearing it was found that it was the duty of the collector to transmit the protest to this court in order that the importer might have the benefit of a hearing and produce proof of his authority. Following. *United Bulb Co.* v. *United States* (6 Cust. Ct. 78, C. D. 431) and *Rhodes* v. *United States* (7 Cust. Ct. 33, C. D. 528) cited by plaintiff, the protest was sustained, and the court held that the original protest should be forwarded to this court in order that plaintiff may obtain a judicial ruling. T. D. 50565, amending article 849 (a), Customs Regulations of 1937, and section 17.2, Customs Regulations of 1943, promulgated subsequent to the collector's refusal to accept the protest, noted.

**No. 49638.**—Protest 935129–G of John G. Barnett Co. (Seattle).

Opinion by EKWALL, J. At the hearing it was found that it was the duty of the collector to transmit the protest to this court in order that the importer might have the benefit of a hearing and produce proof of his authority. Following *United Bulb Co.* v. *United States* (6 Cust. Ct. 78, C. D. 431) and *Rhodes* v. *United*

*States* (7 Cust. Ct. 33, C. D. 528) cited by plaintiff, the protest was sustained, and the court held that the original protest should be forwarded to this court in order that plaintiff may obtain a judicial ruling. T. D. 50565, amending article 849 (*a*), Customs Regulations of 1937, promulgated subsequent to the collector's refusal to accept the protest, noted.

BEFORE THE THIRD DIVISION, JULY 22, 1944

**No. 49639.**—Protests 79160–K, etc., of H. A. Astlett & Co. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel sole crepe rubber similar to that the subject of *United States* v. *F. Lester Kittle, Inc.* (31 C. C. P. A. 233, C. A. D. 276) was held entitled to free entry under paragraph 1697 as claimed.

**No. 49640.**—Protests 40699–K, etc., of H. A. Astlett & Co. (Boston).

Opinion by KEEFE, J. In accordance with stipulation of counsel sole crepe rubber similar to that the subject of *United States* v. *F. Lester Kittle, Inc.* (31 C. C. P. A. 233, C. A. D. 276) was held entitled to free entry as claimed.

**No. 49641.**—Protests 58454–K, etc., of Charles T. Wilson Co. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel sole crepe rubber similar to that the subject of *United States* v. *F. Lester Kittle, Inc.* (31 C. C. P. A. 233, C. A. D. 276) was held entitled to free entry as claimed.

**No. 49642.**—Protests 58456–K, etc., of J. H. Spiegel, Inc. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel sole crepe rubber similar to that the subject of *United States* v. *F. Lester Kittle, Inc.* (31 C. C. P. A. 233, C. A. D. 276) was held entitled to free entry as claimed.

**No. 49643.**—Protests 72404–K, etc., of Littlejohn & Co., Inc. (New York).

Opinion by KEEFE, J. In accordance with stipulation of counsel sole crepe rubber similar to that the subject of *United States* v. *F. Lester Kittle, Inc.* (31 C. C. P. A. 233, C. A. D. 276) was held entitled to free entry as claimed.

**No. 49644.**—Protest 11128–K of Richard Heilbrunn (New York).

EKWALL, Judge: This case is before us on rehearing having been originally decided in C. D. 668. We there held that damage to certain knitting machines and accessories, caused by rust and discoloration as a result of a fire on the importing vessel during the course of the voyage, did not constitute a nonimportation but only partial damage against which the statute (paragraph 398, Tariff Act of 1930) specifically prohibits allowance. We further held that in assessing duty at the appropriate rate applicable to textile machines not specially pro-