**POINT FOUR LTD., INC.**

v.

**UNITED STATES.**

**C.R.D. 77–4; Court No. 76–9–01963.**

United States Customs Court.

May 12, 1977.

against these liquidations on March 16, 1976, or 102 days after the liquidations, and that the protests are untimely because not filed within 90 days of liquidation as required by 19 U.S.C.A., section 1514, as amended.

Plaintiff-importer opposes the motion, contending that, acting without counsel, it was advised by customs personnel at the port of entry (Toledo, Ohio) that it should file its protests at Chicago, Illinois (regional commissioner's office), that it seasonably mailed the protests to Chicago as advised, and that the Chicago office sat on the protests until the protest time limitation expired, and then forwarded them to the district director at the headquarters port (Cleveland, Ohio) where they were received and filed as of March 16, 1977. Plaintiff argues that defendant should not be allowed to benefit from its erroneous advice to plaintiff followed by its deliberate and wilful delay in transmission of the protests to the Cleveland district director.

In the present posture of the action plaintiff has filed a complaint in which it is averred, among other things:

3. Protest was mailed, upon advice of the Toledo office, to U.S. Customs Service, Chicago, Illinois, February 27, 1976. They forwarded it to Cleveland, Ohio office where it was stamped March 15, 1976 and dated filed as March 16, 1976.

No answer to the complaint has been interposed inasmuch as defendant obtained an order of the court on January 5, 1977, on *consent* for an extension of 60 days for the reason "that additional time is required to investigate the factual allegations set forth in the complaint, so that said allegations may be accurately and appropriately answered."

Section 1514(b)(1)(2), as amended, requires, among other things, that a protest be filed with the *appropriate customs officer* designated in regulations prescribed by the Secretary [of the Treasury] within 90 days after *notice*[1] of liquidation. And, ac-

Paul A. Tscholl, Canton, Ohio, for plaintiff.

Barbara Allen Babcock, Asst. Atty. Gen., Washington, D. C. (Steven P. Florsheim, Trial Atty., New York City), for defendant.

RICHARDSON, Judge:

In this action embracing importations of athletic footwear from Taiwan defendant moves pursuant to Rule 4.7(b) for an order dismissing the action for lack of jurisdiction. Defendant contends that the entries were liquidated on December 5, 1975, that the two protests involved herein were filed

---

1. It is to be noted that the moving papers do not address themselves to Notice of Liquidation, but only to the liquidation *per se*. However, the statute runs from the date of Notice of Liquidation, and not from the date of liquidation, if liquidation occurs on a different date.

cording to section 174.12(d) of the customs regulations, the appropriate customs officer for the filing of the protests in this case would be either the district director at Cleveland or the port director at Toledo where the involved entries were made.

Although customs officials are not required to advise importers as to the nature and extent of their rights, see *Flagstaff Liquor Company v. United States,* 73 Cust.Ct. 132, 137, C.D. 4563, 388 F.Supp. 554 (1974), and cases cited on page 138, nevertheless, the rights of importers will not be forfeited as a consequence of deceptive or improper practices indulged in by customs officials. See *A. H. Burr v. United States,* 9 Cust.Ct. 13, 19–20, C.D. 651 (1942) [improper delay by customs officials in time-stamping the importer's entry papers until after the closing of a cattle quota]; *Henry A. Wess, Inc. v. United States,* 25 Cust.Ct. 34, 37, C.D. 1259 (1950) [examination of merchandise by the wrong customs official acting under color of authority]; and *Snake King v. United States,* 18 Cust.Ct. 33, 35, C.D. 1041 (1947) [acceptance of protest by deputy collector after the regulation closing hour on the 60th day after liquidation]. If full credence be given to the allegations in the third paragraph of the complaint in this case it is clear that the ends of justice as well as the objective of the statute of limitations will be ill served by a declination of jurisdiction on the part of the court. But at this point in the proceedings a judgment in the matter either way is premature, there being no evidentiary record before the court in connection with this motion.

However, inasmuch as defendant has procured a postponement in the joinder of issue under a commitment to *answer the complaint,* it is appropriate that it be required to do so. Accordingly, defendant's motion to dismiss is denied, without prejudice, however, to raising the jurisdictional issue herein by way of its answer.