(C. D. 431)

UNITED BULB Co. *v.* UNITED STATES

United States Customs Court, Third Division

(Decided January 30, 1941)

*Philip Stein* for the plaintiff.
*Charles D. Lawrence,* Acting Assistant Attorney General (*John J. McDermott,* special attorney), for the defendant.

Before CLINE, EVANS, and KEEFE, Judges

EVANS, Judge: This case involves the action of the collector of customs in refusing to accept a protest which the plaintiff herein attempted to file with such officer protesting against the rate and amount of money assessed as customs duties upon certain agricultural machines imported at the port of Portland, Oreg. Section 514 of the Tariff Act of 1930, under which the importation was made, fixes a time limit of 60 days after liquidation within which an importer may, if dissatisfied with the collector's action, file a protest in writing against such action. The facts, which are not disputed, are as follows. The attorney for the importer, within the time prescribed by the statute, offered a protest in writing to the collector of customs at the port of entry. The collector refused to accept said protest on the

ground that there was no power of attorney authorizing said attorney to act as agent for the importer, as required by article 850 of the Customs Regulations of 1931 as amended by T. D. 48707. From such refusal importer's attorney filed the protest now before us, together with a power of attorney, which second protest was accepted by the collector and forwarded to this court. The sole issue before the court is the validity of the collector's action in rejecting the first protest.

The Government claims that article 850 of the Customs Regulations of 1931 is reasonable and valid and in no way inconsistent or contra to the provisions of section 514, *supra*.

Said article 850, as amended in T. D. 48707, is in the following language:

Art. 850. Form of protest.—(*a*) Protests (except protests by American manufacturers, producers and wholesalers—see article 871) shall be in duplicate and in writing, addressed to the collector, and signed by the party protesting, or his agent or attorney. A protest signed by an agent or attorney shall be rejected by the collector unless there is filed with the collector a power of attorney (customs Form 5295) authorizing such agent or attorney to make, sign, and file the protest or protests, which power shall be limited to a period not to exceed two years from the date thereof, and shall be acknowlededgd. Each protest shall show the addresses of the protestant and his agent or attorney, the entry number, importing vessel, date of arrival, and date of liquidation of the entry, and shall set forth distinctly and specifically in respect to each entry, payment, claim or decision the reasons for the objections, citing the rate or rates of duty claimed to be applicable, and the paragraph or section of the law, if any, under which relief is claimed.

(*b*) Partnership powers of attorney to file protests may be executed by one member in the name of the partnership, provided said powers recite the names of all the members. Corporate powers of attorney to file protests shall be signed by a duly authorized officer of the corporation.

Authorization for the filing of protests is found in section 514 of the Tariff Act of 1930, which is in the following language:

SEC. 514. PROTEST AGAINST COLLECTOR'S DECISIONS.

Except as provided in subdivision (b) of section 516 of this Act (relating to protests by American manufacturers, producers, and wholesalers), all decisions of the collector, including the legality of all orders and findings entering into the same, as to the rate and amount of duties chargeable, and as to all exactions of whatever character (within the jurisdiction of the Secretary of the Treasury), and his decisions excluding any merchandise from entry or delivery, under any provision of the customs laws, and his liquidation or reliquidation of any entry, or refusal to pay any claim for drawback, or his refusal to reliquidate any entry for a clerical error discovered within one year after the date of entry, or within sixty days after liquidation or reliquidation when such liquidation or reliquidation is made more than ten months after the date of entry, shall, upon the expiration of sixty days after the date of such liquidation, reliquidation, decision, or refusal, be final and conclusive upon all persons (including the United States and any officer thereof), unless the importer, consignee, or agent of the person paying such charge or exaction, or filing such claim for drawback, or seeking such entry or delivery, shall, within sixty days after, but not before such liquidation, reliquidation, decision, or refusal, as the case may be, as well in cases of merchandise

entered in bond as for consumption, file a protest in writing with the collector setting forth distinctly and specifically, and in respect to each entry, payment, claim, decision, or refusal, the reasons for the objection thereto. The reliquidation of an entry shall not open such entry so that a protest may be filed against the decision of the collector upon any question not involved in such reliquidation.

That act also provides in section 624 thereof general power and authority to the Secretary of the Treasury to make such rules and regulations as may be necessary, as follows:

SEC. 624. GENERAL REGULATIONS.

In addition to the specific powers conferred by this Act, the Secretary of the Treasury is authorized to make such rules and regulations as may be necessary to carry out the provisions of this Act.

Section 251 of the Revised Statutes also confers authority upon the Secretary to act under the conditions therein set forth. We quote that section.

251. The Secretary of the Treasury * * * shall prescribe forms of entries, oaths, bonds, and other papers, and rules and regulations, not inconsistent with law, to be used * * * in carrying out the provisions of law relating to raising revenue from imports, or to duties on imports, or to warehousing; he shall give such directions to collectors and prescribe such rules and forms to be observed by them as may be necessary for the proper execution of the law.

A perusal of the above provisions of law will disclose that there is no specific provision therein which forbids the importer or consignee of the merchandise to file a protest through his duly authorized agent or attorney; nor is there an intimation that the authority of such agent or attorney must be on file with the collector. The testimony produced here is to the effect that the only reason the offer of the protest was rejected was that there was no power of attorney on file in the collector's office authorizing said attorney to sign and file protests in the importer's name.

In the early case of *E. L. Goodsell Co.* (T. D. 18078, G. A. 3880) the validity of regulations was involved. That case arose under the Tariff Act of 1894 and the issue as presented was whether certain regulations promulgated by the Secretary of the Treasury in which he prescribed the mode of proving the identity of shooks of American origin reimported in the form of boxes for oranges and lemons, were binding upon the importer. By the regulations the Secretary attempted to limit the application of the provision of the law there in question to such boxes as to which the importer had proven the identity in the manner prescribed by the Secretary. The paragraph under which the goods were claimed dutiable (216 of the Tariff Act of 1894) contained no express provision for regulations. Somerville, G. A., in holding that the regulations were not binding upon the Board of General Appraisers, used the following language:

* * * We limit our inquiry to the question of how far the Board is to be governed by this circular or regulation as a rule of evidence, and shall not pass

on its validity so far as it may be applicable to "Collectors and other Officers of Customs," in the convenient administration of the affairs of their offices. The instructions contained in the circular do not purport to be addressed to the members of the Board, whose jurisdiction, in the classification of imported merchandise is derived from section 14 of the act of Congress known as the Customs Administrative Act (26 U. S. Stat., 131). This jurisdiction involves the authority to "hear and decide" all cases properly before it on protests filed in the time and manner prescribed by law, so far as concerns the rate and amount of duty imposed on all imported merchandise. This embraces the determination of all questions of law and fact involved in the issues legally raised by the protest, and bearing on the question of classification.

It was further held in that case that the provision of the statute there considered did not authorize regulations and therefore, under the decisions, the regulations made by the Secretary were not designed by the Department to furnish an exclusive method of proving the identity of the merchandise there involved so far as to supersede the ordinary rules of evidence uniformly followed in analogous cases.

In the case of *Pascal* v. *Sullivan*, 21 Fed. 496, the court also had under consideration the legality of a regulation of the Treasury Department requiring a certificate of the owner of the spring from which imported mineral waters were obtained, as to the character of such waters in order to obtain free entry. The court held that this regulation was unreasonable and of no legal validity as a binding rule of evidence on the courts.

The *Pascal* case among others was cited by Somerville, G. A., in the *Goodsell Co.* case, *supra*, and the court further stated:

The following court decisions fully sustain the view that it is not the office of a treasury regulation to introduce conditions or limitations into customs laws which may unreasonably operate to defeat the rights of importers conferred unconditionally by an act of Congress; Siegfried *v.* Phelps, 40 Fed. Rep., 660; Merritt *v.* Welsh, 104 U. S., 694; Campbell *v.* United States, 107 U. S. 407; Balfour *v.* Sullivan, 17 Fed. Rep., 231; Bank *v.* Secretary of Treasury, 76 Fed. Rep., 743, 749.

We find the reasoning of the court in the *Goodsell* case, *supra*, very persuasive in the case now before us. While we do not pass upon the question of the authority of the Secretary of the Treasury to make regulations governing the administrative practice of collector's offices under the general authority granted by section 624 of the Tariff Act of 1930, nevertheless section 514, *supra*, gives no specific authority for such regulations. Therefore the attorney herein is entitled to a hearing before this court at which time he may produce proof of his authority to file the protest which the collector rejected, or, in the alternative, that his action in filing the original protest has been ratified by his principal, in order that he may have his day in court on the merits of his claim.

We therefore sustain the claim of the plaintiff to that extent. Judgment will be rendered accordingly. It is so ordered.