## Florea & Co., Inc. v. United States

**No. 5489.**—Invoice dated Yokohama, Japan, April 9, 1936.
Entered at New York May 4, 1936.
Entry No. 835546.

(Decided November 3, 1941)

*William Whynman* for the plaintiff.
*Charles D. Lawrence,* Acting Assistant Attorney General (*Dorothy C. Bennett,* special attorney), for the defendant.

Tilson, Judge: The question involved in this appeal is the proper dutiable value of certain gloves imported from Japan and entered at New York on May 4, 1936. The gloves were entered at 6.10 yen per dozen and were appraised at $5.50 per dozen net, packing included,

on the basis of the American selling price for such or similar merchandise.

The stenographic record of the hearing consists of 342 typewritten pages and various and sundry exhibits. It is a matter of regret that such a large portion of this record is devoted to matters entirely foreign to the only issue in the case, to wit: the proper dutiable value of the imported merchandise.

In making his appraisement the appraiser first found that the gloves in question were valued at not more than $1.75 per dozen pairs, on the basis of export value, as that value is defined in section 402 (d) of the act of 1930, and thereupon proceeded to appraise the gloves at $5.50 per dozen pairs, based upon the American selling price of such or similar gloves, citing as authority therefor T. D. 48183.

I have carefully examined the evidence offered by the plaintiff, and I find that the same is not sufficient to establish an export value for the merchandise of more than $1.75 per dozen pairs, as that value is defined in section 402 (d) of the said act. Therefore, on this record, I am unable to find that the appraiser erred in basing his appraisement upon the American selling price, as that term is defined in section 402 (g) of said act.

Turning to the evidence on the question of the American selling price of such or similar gloves to those here involved, I find that the testimony of witness Ackerman, most of which was adduced by counsel for the Government, definitely shows that the price, including the cost of all containers and coverings of whatever nature and all other costs, charges, and expenses incident to placing the merchandise in condition packed ready for delivery, at which such article was freely offered for sale to all purchasers in the principal markets of the United States, in the ordinary course of trade and in the usual wholesale quantities in such market, or the price the manufacturer, producer, or owner would have received or was willing to receive for such merchandise when sold in the ordinary course of trade and in the usual wholesale quantities, at or about the date of exportation of the imported gloves, was $5.25 per dozen pairs, less 2 per centum. The above testimony was not refuted and therefore stands uncontradicted.

Counsel for the Government in her brief filed herein makes the folowing statement:

Plaintiff has challenged the correctness of that presumptively correct appraisement, and therefore, under section 501 of the Tariff Act, is charged with the burden of proving, first, an export value other or different than 5.85 yen per dozen, and, failing in that, he must prove either that no similar domestic competitive glove exists, or that the American selling price of such domestic article is other or different than $5.50 per dozen. It is respectfully submitted that plaintiff has utterly failed to sustain this burden of proof.

In finding the proper American selling price of such or similar merchandise to that here involved, which is the value I must find for the

imported merchandise, I am not confined to the testimony offered by the plaintiff, but must consider and weigh, as well, the evidence offered by the defendent on that point. What evidence the plaintiff would have offered as to the American selling price had counsel for the Government not shown by her own witness that that value was $5.25 per dozen pairs, less 2 per centum, is a matter of conjecture. But to the extent that counsel for the Government established that the proper value under section 402 (g) of said act was $5.25 per dozen pairs, less 2 per centum, counsel for the plaintiff was relieved of that burden.

Counsel for the plaintiff makes the following statement in his brief filed herein:

In fact, the Government did not establish or prove that the claimed export value of 5.85 yen per dozen packed, as claimed to have been found by the appraiser, was the legal export value of the merchandise as defined in Section 402 (d) *supra.*

Under section 501 of the act of 1930 "The value found by the appraiser shall be presumed to be the value of the merchandise and the burden shall rest upon the party who challenges its correctness to prove otherwise." This, I feel, is sufficient answer to the above contention.

Ruling upon certain motions and objections as to the admission or rejection of certain evidence or offered exhibits was reserved by Brown, J., who heard this case, for action at the time of writing the opinion. I have carefully considered this matter and I find that none of the evidence covered by these reserved rulings has any bearing upon the proper dutiable value of the gloves in this case. As to these matters I, therefore, leave the record in the same status in which the trial judge left it.

After carefully considering and examining all the evidence before me as to the proper value of the gloves in this case, I find and hold the plaintiff has failed by competent, credible evidence to show an export value for the gloves of more than $1.75 per dozen pairs, and that, therefore, the merchandise is subject to appraisement under section 402 (g) of the act of 1930. I further find and hold that the proper dutiable value of the gloves, as that value is defined in said section 402 (g), is $5.25 per dozen pairs, less 2 per centum. Judgment will be rendered accordingly.