(C. D. 729)

A. GROVE KNUTSEN v. UNITED STATES

United States Customs Court, Third Division

(Decided February 11, 1943)

*Harper & Harper* (*Walter I. Carpeneti* of counsel) for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Robert C. O'Grady*, special attorney), for the defendant.

Before CLINE, KEEFE, and EKWALL, Judges

EKWALL, Judge: In this action against the United States the plaintiff seeks to review the action of the collector in refusing to accept a protest on the ground that a power of attorney authorizing the filing of such protest was not filed within the time granted to the importer by the Commissioner of Customs. The issue as stated by plaintiff's attorney at the hearing is as follows: The protest was submitted to the collector and the attorneys herein were granted 90 days by the Treasury Department in which to secure a protest power of attorney. Said power of attorney was not filed within the prescribed time and the collector returned the original protest to the attorneys. The letter from the Bureau of Customs together with an enclosure consisting of a copy of a letter to the collector from the Bureau of Customs were received in evidence without objection as collective exhibit 1. There

were also received what are described as "two duplicate originals of the original protest" as collective exhibit 2.

These documents are corroborative of the statements of the attorney for the plaintiff at the hearing.

Time was requested and granted for the filing of briefs but no briefs have been filed. At the hearing plaintiff cited the case of *C. D. Lloyd v. United States*, C. D. 507. In the case cited the court held that regulations instructing collectors of customs to reject protests filed by an agent unless powers of attorney, authorizing such action, have been filed with the collectors, were contrary to the right granted by Congress for a review of official action in sections 514 and 515 of the Tariff Act of 1930. The court in the course of its opinion cited and discussed the case of *United Bulb Co.* v. *United States*, C. D. 431. That case involved the collector's refusal to accept a protest on the ground that there was no power of attorney on file in his office, and the court held that the attorney is entitled to a hearing before this court, in order that he may be given an opportunity to produce proof of his authority or that his action in attempting to file such protest has been ratified by his principal.

It is noted that the decisions above-cited were promulgated subsequent to the collector's action herein.

Under authority of the decisions cited we hold that the collector should have received the plaintiff's protest and should have forwarded it to this court for a determination of the question of the authority of the attorneys to file the same. The demands of orderly procedure require that this action be taken. In fact article 849 (*a*) of the Customs Regulations of 1937, in effect at the time the collector rejected the protest, was later amended (T. D. 50565) and no longer provides that a protest signed by an agent or attorney shall be "rejected" if there is no power of attorney on file authorizing an agent or attorney to make, sign, and file a protest. Said amendment provides that such protests shall be forwarded to this court with an explanation why the collector of customs has not complied with the procedure outlined in section 515, *supra*.

Judgment will be rendered for the plaintiff in accordance with the above findings.