(C. D. 776)

A. GROVE KNUTSEN *v.* UNITED STATES

United States Customs Court, Third Division

(Decided June 9, 1943)

*Lawrence & Tuttle* (*George R. Tuttle* of counsel), for the plaintiff.
*Paul P. Rao*, Assistant Attorney General (*Richard E. FitzGibbon*, special attorney), for the United States.

Before CLINE, KEEFE, and EKWALL, Judges

KEEFE, Judge: At the trial of this case counsel for the Government moved to dismiss the protest for the reason that a power of attorney was not on file in the collector's office authorizing Lawrence & Tuttle to file protests on behalf of the plaintiff. The Government cited as authority, article 849 of the Customs Regulations of 1937, providing as follows:

Art. 849. Form of protest—(a)  *  *  *.  A protest signed by an agent or attorney shall be rejected by the collector unless there is filed with the collector a power of attorney (customs Form 5295) authorizing such agent or attorney to make, sign, and file the protest or protests, which power shall be limited to a period not to exceed two years from the date thereof, and shall be acknowledged.

The plaintiff testified that his broker H. B. Thomas & Co. acted for him in the matter and had authority from him to handle the case and to procure the necessary attorneys in order to protect his interests.

The court thereupon took the matter under advisement and granted time for the filing of briefs by both sides. The Government in its brief admits that the plaintiff had fully established the authority of his counsel to act for him in filing the protest. The court has frequently held that regulations of the Secretary of the Treasury instructing collectors of customs to reject protests filed by an agent unless powers of attorney, authorizing such agent or attorney to act, have been filed with such collectors, were contrary to the right granted by Congress for a review of official action in sections 514 and 515 of the Tariff Act of 1930. See *Lloyd* v. *United States*, 6 Cust. Ct. 421, C. D. 507; *United Bulb Co.* v. *United States*, 6 Cust. Ct. 78, C. D. 431; and *Knutsen* v. *United States*, 10 Cust. Ct. 95, C. D. 729.

However, counsel for the Government contends that the protest should be returned to the collector in order that he may review his

action according to the terms of the statute. In support of this novel proceeding counsel in brief presents the following argument:

Section 514 of the Tariff Act of 1930 gives three classes of persons a right of protest: (1) the importer, (2) the consignee, (3) the agent of the person paying the duty, charge, or exaction. It should be noted that attorneys at law, acting in their capacity as legal counsel, are not authorized by statute to file protests with collectors. Their right exists solely because of an *agency* relationship and not because they are officers of the Customs Court. The relationship of lawyer and client does not arise, insofar as the statute is concerned, until the collector has affirmed his decision and transmitted the protest to the court. * * * . Under sec. 515 it is the duty of the collector to perform several acts. Since a protest is directed to him in the first instance he must (1), determine the identity of the person protesting; (2), having satisfied himself as to identity he must review his decision; and (3), if he affirms his decision he must transmit the protest to the court for judicial review. Each of these duties is of coordinate rank, and refusal to perform any of them places the collector in the position of disobeying the law.

The Government recognizes the coordinate duties of the court prescribed by the statute. It also is required to determine the validity of the protest and the right of the plaintiff to sue. The functions of the collector and of the court in considering the validity of the same document do not take place simultaneously but in sequence. *The protest does not attain the dignity of a pleading unless the collector affirms his original decision either directly or by failure to act upon the matter within the prescribed period of time.* In all of the protests which the collector determines to be well taken, acquiesence in the claims made and reliquidation in conformity therewith occur, and the protest never attains the status of a court pleading. On the other hand, *when protests are transmitted to the Customs Court for judicial review, problems of validity and jurisdiction are of primary concern.*

*       *       *       *       *       *       *

It is submitted that if an untimely protest is not a protest at all, the same rule applies with equal force to a case where the identity of the party filing it has not been established. The statute permits only an importer, his consignee, or his agent, to file protests. Until the identity of the protestant is established or admitted, the protest has no legal force or effect. It would seem that the court recognizes the logic of the position taken by the Treasury Department in matters of this kind. Under the present customs regulations, article 849 of the Customs Regulations of 1937, as amended by T. D. 50565, (reported in Treasury Decisions Advance Sheets of February 19, 1942), *collectors are instructed to transmit protests signed by agents or attorneys not named in a power of attorney to the court for a decision as to the authority of the agent or attorney, but direct the collector not to review the protest or otherwise proceed under section 515, until the court shall have first ruled on the question of authority.*

*       *       *       *       *       *       *

If the demands of orderly procedure require the transmittal of plaintiff's protest for a determination of the question of the authority of the agent, certainly the demands of orderly procedure also require that after the determination of this question affirmatively, the collector be given an opportunity to perform his statutory duty of reviewing the claims made in the protest. [Italics not quoted.]

Counsel for the plaintiff, respecting the foregoing, argues that such procedure would be contrary to law because it would reverse the order of procedure prescribed in section 515, to wit (1) review by the collector, (2) transmission by collector to this court, and (3) determina-

tion of the question by this court; and that, in view of the statutory direction, the entry papers should be retained by the court and the case redocketed for hearing on the merits.

Section 514 of the Tariff Act of 1930 provides that all decisions of the collector upon the expiration of 60 days after liquidation become final and conclusive upon all persons including the United States and any officer thereof, unless the importer, consignee, or agent of the person paying such charge or exaction shall, within 60 days after such liquidation, file a protest in writing with the collector, giving the reasons for the objection thereto, etc.

Section 515 provides that upon the filing of such protest the collector shall, *within 90 days thereafter review his decision.* If the collector shall, upon such review, affirm his original decision and, in the case of merchandise entered for consumption, if all duties and charges shall be paid, then the collector shall forthwith transmit the entry and the accompanying papers, and all the exhibits connected therewith, to the United States Customs Court for due assignment and determination, as provided by law. Such determination shall be final and conclusive upon all persons, and the papers transmitted shall be returned, with the decision and judgment order thereon, to the collector, who shall take action accordingly, except in case of appeal.

The Government's contention that a protest does not attain the dignity of a pleading unless the collector affirms his original decision either directly or by failure to act upon the matter within the prescribed period is not based upon any decisions of the courts. Our appellate court has uniformly decided contrary to such contention. A protest serves not only as a notice to the collector of alleged errors in his classification but as well for the purpose of an appeal to the United States Customs Court, in case the collector declines or fails to make his decision conform to the protest. (*Akeroyd & Son* v. *United States*, 19 C. C. P. A. 249, T. D. 45341). See also *United States* v. *Straus*, 5 Ct. Cust. Appls. 147, T. D. 34193; *United States* v. *McCoy*, 5 Ct. Cust. Appls. 264, T. D. 34445; *United States* v. *Malone*, 12 Ct. Cust. Appls. 178, T. D. 40167; *Cintes* v. *United States*, 18 C. C. P. A. 361, T. D. 44614. In the case of *United States* v. *Paramount Publix Corp.*, 22 C. C. P. A. 272, T. D. 47328, the court held that a proceeding instituted by an importer, by way of protest, against the decision of a collector of customs, is a suit or demand against the United States.

Clearly it is not within the province of a collector to pass upon the validity of a protest and that question has been decided by this and the appellate court upon many occasions. In the case of *Manufacturers & Producers, etc.* v. *United States*, 21 C. C. P. A. 591, T. D. 46996, the court held that it was not within the province of the col-

lector to determine whether a protest filed under the act of 1930, section 516, is sufficient to confer jurisdiction upon the Customs Court. Where an importer protests the classification of merchandise by the collector, and the collector takes no action with respect to the protest within 90 days of the filing of the same, the United States Customs Court acquires jurisdiction of the case and the papers should be transmitted to this court as provided by section 515. See *Weill & Co.* v. *United States*, 21 C. C. P. A. 152, T. D. 46479. As to the signature, our appellate court has held that the signer of a protest is presumed to be the proper party, although the signing of a protest without disclosing the capacity in which the signer acts is a practice not to be commended. See *United States* v. *Kraemer*, 17 C. C. P. A. 448, T. D. 43879.

Examining the protest papers herein we find as follows: The entry was liquidated on August 15, 1938. The collector received the protest on October 14, 1938, the sixtieth day. The protest is signed in typewriting—"A. Grove Knutsen, 87 Clay Street, San Francisco," and printed underneath such signature appear "Lawrence and Tuttle, Attorneys, 500 Sansome Street, San Francisco." It is not questioned that A. Grove Knutsen is the importer of the merchandise. The only question raised by the collector is the authority of Lawrence and Tuttle to act as agents in filing the protest with the collector. In this regard we find written in black ink across the face of the protest the words—"Rejected—No power of Atty on file to file protests for A. Grove Knutsen."

In providing that protests may be filed by "the importer, consignee, or agent of the person paying such charge or exaction" did Congress intend to authorize collectors to say to the person filing the same "unless you first satisfy me that you have authority to file this protest, you shall not go to the courts for relief? What, it may be asked, is the necessity of the collector being satisfied as to the good faith or authority of the person filing the protest, unless he assumes to determine the case, as provided by law, a function expressly conferred by Congress on this court? The jurisdiction conferred on this court, before which the collector is represented by the Assistant. Attorney General, carries with it necessarily the determination not only of all questions as to the character and proper classification of the goods and the sufficiency of the protest filed by the importer, but also this very question of good faith in properly filing the protest.

If the collector has authority under the law to reject the protest on the last day it may legally be filed, clearly there is no protest against the assessment until this court later declares that such protest should not have been rejected. Were such arbitrary power conferred upon collectors to accept or reject protests, a collector, in his zeal, may

refuse to receive protests and obstruct the filing thereof, for one reason or another, until the time for filing under the statute had expired. Congress in its wisdom has not seen fit to confer such power upon the collector.

The tariff law provides that upon the filing of a protest the statute is stayed in favor of the collector for 90 days. During that period he is directed to review his decision and at the end of that time forward the protest to the Customs Court. We may take judicial notice of the fact that large numbers of protests are received by this court where the collector has failed to act within the prescribed time, and has forwarded the protests to this court for action. Therefore at the termination of the 90-day period the collector has long recognized the fact that he has lost all jurisdiction to act even though he finds later that the protest was well taken. How then, as contended by the Government, could this court relinquish its jurisdiction and empower the collector to perform acts not within his jurisdiction? Clearly the statute does not so provide and courts may not indulge in judicial legislation. See *United States* v. *Marx*, 1 Ct. Cust. Appls. 152, T. D. 31210.

For the reasons stated, it is the judgment of this court that the protest was legally and properly filed with the collector within the prescribed time; that the Treasury regulations, authorizing collectors to reject protests when the person filing the same is not authorized by power of attorney on file with the collector to file such protests, are without authority of law; and that the return of protests to the collector for his action after this court has acquired jurisdiction would be a vain procedure, without legal effect, as the collector is then powerless to act under the statute.

The motion to dismiss is denied and the case will be regularly docketed for hearing upon the merits.