## (C. D. 1151)

### EUGENE G. MCABEE v. UNITED STATES

United States Customs Court, Third Division

(Decided December 27, 1948)

*Ward, Simmons & Horton* (*J. Benjamin Simmons* of counsel) for the plaintiff. *David N. Edelstein*, Assistant Attorney General (*Richard E. FitzGibbon*, special attorney), for the defendant.

Before CLINE, EKWALL, and JOHNSON, Judges

JOHNSON, Judge: This action pertains to the duty assessed by the collector at the port of Baltimore upon certain cameras and parts, other photographic equipment, photographic film, 24 cigarette lighters, a silver-plated cocktail shaker, and an album, shipped by parcel post from Budapest, Hungary, to Mrs. Clara M. Leon, a sister of the plaintiff. It is contended on behalf of the plaintiff that inasmuch as he was a captain with the American Patrol Command and situated in Hungary, and had been transferred back to the United States, the effects in question are entitled to free entry under the provisions of Public Law 633.

At the trial the plaintiff testified that he had served overseas from January 14, 1943, until he returned to the United States on August 19, 1946; that the photographic equipment and supplies, except for one camera which his sister had sent him from the United States, were purchased in Austria and Hungary; that they were all purchased for his personal use; and that the articles were shipped to his sister prior to his departure from Budapest. He testified further that he personally claimed the articles at the port of Baltimore and the duty thereon was paid with his own funds. According to the witness, the photographic equipment and supplies and other articles in question are now in his possession and he does not have any intention of selling

them. As to the 24 cigarette lighters, the witness stated that he purchased and intends to keep them as souvenirs, although he only uses one of them at the present time.

Upon evidence of proof of identity of the witness as a captain in the Army of the United States who had been ordered back to this country, the case was submitted by both sides.

Public Law 633 was passed by the Congress in order to exempt from duty and any tax the personal and household effects of persons evacuated to the United States under Government orders, including certain classes of persons in the service of the United States. The law reads as follows:

*Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled,* That, under such regulations as the Secretary of the Treasury may prescribe, the personal and household effects of any person in the service of the United States, or of his family, or of any person evacuated to the United States under Government orders, may be brought into the United States or any of its possessions, pursuant to Government orders or instructions, without the payment of any duty or tax imposed upon, or by reason of, importation.

SEC. 2. This Act shall be effective with respect to articles entered for consumption or withdrawn from warehouse for consumption on or after December 8, 1941, and shall have no force or effect on or after the day following the proclamation of peace by the President. The free entry herein authorized shall apply to any effects described in section 1 which are in customs custody on the effective date of this Act, notwithstanding the provisions of sections 490 and 491 of the Tariff Act of 1930, as amended.

The regulations of the Secretary of the Treasury, promulgated in pursuance with law and published in T. D. 50678, provide, so far as pertinent, as follows:

Sec. 8.26b *Free entry of personal and household effects of certain classes of persons in the service of the United States, of their families, and of evacuees.*

(a) Under Public Law 633, approved June 27, 1942, free entry may be accorded to the personal and household effects of any person evacuated to the United States under Government orders and to the personal and household effects of any person in the service of the United States, or of his family, which are forwarded to the United States by reason of Government instructions regarding the movement of the owner or the articles, whether or not the owner returns to this country.

(b) The act does not apply to articles imported for sale, but the term "personal effects" as used therein is not confined to that class of articles described in the first provision of paragraph 1798, Tariff Act of 1930, as amended (U. S. C. 1940 ed., sec. 1201, par. 1798); nor is any period of use, such as is prescribed by paragraph 1632, Tariff Act of 1930 (U. S. C. 1940 ed., sec. 1201, par. 1632), applicable to household effects entered under this act.

(c) All articles for which free entry is claimed under the act shall be entered or withdrawn in accordance with the requirements prescribed by the Tariff Act of 1930. The Bureau has not prepared forms of declarations or certificates to be filed in connection with such entries or withdrawals. Collectors of customs

shall, therefore, accord free entry under the statute upon the production of satisfactory proof that the articles are entitled to the benefit thereof.

(d)   Certified or other invoices shall not be required for articles accorded free entry under the act.

\*        \*        \*        \*        \*        \*        \*

The uncontradicted evidence before the court establishes that the articles upon which duty was assessed are in fact the personal effects of a person in the service of the United States; that the articles were not imported for sale but are solely for personal use.   There is nothing in the law prohibiting persons to whom it applies from bringing in several articles of one kind, or limiting the value thereof.   Inasmuch as the evidence remains uncontradicted that the plaintiff intended at the time of importation, and is still of the same intention, to retain the articles for his own personal use and not to sell them, the terms of the public law as well as the customs regulations would appear to be satisfied.

Judgment will therefore be entered in favor of the plaintiff directing the collector of customs at the port of Baltimore to reliquidate the entries and refund all duties taken.