BEFORE THE THIRD DIVISION, MARCH 14, 1950

No. 54120.—Carl E. Hopkins v. United States, protest 132452–K (Honolulu).

JOHNSON, Judge: This action involves the importation, as part of plaintiff's baggage, of two pair of binoculars. Duty was assessed thereon at the rate of 35 per centum ad valorem under paragraph 228 (b) of the Tariff Act of 1930, as amended by the trade agreement with France, T. D. 48316, as opera or field glasses. The baggage declaration entry was liquidated on April 16, 1947. On May 12, 1947, the collector of customs at the port of Honolulu received a protest in the form of a letter from the plaintiff, objecting to the duty charged on declaration No. 910425, and claiming that the binoculars upon which duty was assessed were not subject to duty for the reason that they were made in the United States and were not of foreign manufacture, and, for the further reason, that they were purchased in Shanghai, China, from United States Navy surplus stocks.

The plaintiff wrote and filed a second protest which was received by the collector at Honolulu on June 3, 1947, wherein plaintiff renewed his original protest and took exceptions to a letter from the collector received in answer to his first protest. Therein the collector's reason for the rejection of the protest, filed May 12, 1947, as quoted in the second protest, was that "the required evidence was not furnished" to establish that the articles were of American manufacture.

The plaintiff finally filed a third protest, which was received by the collector on June 17, 1947. This protest was also filed because the collector, in another letter to the plaintiff, received on June 13, the last day upon which a valid protest may be filed with the collector, again advised him as to the manner in which a protest should be filed, and in effect rejected the second protest.

In the latter protest, the plaintiff pointed out that two previous protests had been filed within the statutory period, and also gave the following facts in connection with the entry. First, that he orally protested against the payment of the duty demanded and collected at the time of examination, and that such protest "was summarily overridden without any advice from Customs Officers as to my rights in the matter or as to what evidence if any was needed. Because of plane departure I could not seek further recourse at that time." Second, that the articles upon which duty were assessed were personal effects of plaintiff and his wife who were returning to their home in the United States. Third, at the time of examination the plaintiff presented to the customs inspector his bills of sale in the form of affidavits by the responsible UNRRA issuing official as to the origin of the merchandise; that the inspector showed the certificates to another official who appeared to be an assessor; that the latter dismissed the certificates without examination, stating "that there was too much smuggling being carried on by GI's"; that the relevancy of the remark was not clear and the inspector questioned the assessor further, but was overridden with the flat assertion that "there was no way in which the merchandise could be exempted from duty."

Deputy Collector Schimmer at the port of Honolulu made the following report for the collector of customs.

The passenger, who arrived by aircraft at the port of Honolulu, Hawaii, on February 27, 1947, was treated for customs purposes, as a resident of the United States returning from abroad and was granted an exemption of $100 in value of articles acquired abroad under the third proviso of paragraph 1798, Tariff Act of 1930. His wife, Doris Hopkins, who accompanied him, was also granted an exemption of $100 on a separate written baggage declaration filed by her.

The field glasses were purchased by the passenger in Shanghai, China, and the value thereof was in excess of the $100 exemption granted him. Accordingly, duty was assessed thereon.

In his letters of April 29, 1947 and May 28, 1947 (attached hereto), addressed to this office, the protestant claimed free entry on the basis that the field glasses were manufactured in the United States. However, the formal protest filed does not specify the particular paragraph or section of the law under which free entry is claimed.

The customs regulations promulgated under paragraph 1615, Tariff Act of 1930, relating to the free entry of returned American goods, were not complied with in any respect.

The entry was liquidated on April 16, 1947, and the protest was not filed until June 17, 1947, more than 60 days after the date of liquidation.

Inasmuch as the last hearing was set at Boston on July 8, 1949, after two previous continuances at the port of San Francisco, the plaintiff, whose address is Corvallis, Oreg., submitted his case upon the record and papers before the court for the reason, apparently, that the costs of transportation from Oregon to Massachusetts would far exceed the duty complained about.

Notwithstanding that an American citizen is thus left without redress, because of the arbitrary, unreasonable, and inexcusable conduct of arrogant customs officials, which fortunately are not prevalent in other ports of entry of the United States, counsel for the Government moved to dismiss the proceedings upon the ground that the protest was not filed in time. That motion is hereby denied for reasons hereinafter set forth.

The protest, received by the collector on May 12, 1947, is well within the 60-day period granted importers for the purpose of filing protests, if dissatisfied with the rate or amount of duty levied by the collectors of customs, under the provisions of section 514 of the Tariff Act of 1930. It has been held that a proceeding instituted by an importer, by way of protest, against the decision of a collector of customs, is a suit or demand against the United States. (See *United States* v. *Paramount Publix Corp.*, 22 C. C. P. A. 272, T. D. 47328.) It is not within the province of a collector of customs to pass upon the validity of a protest. Nor may a collector arbitrarily deprive an importer of his rights by refusing to accept a protest under color of not understanding an importer's reasons for protesting, or because the protests are not, in the collector's opinion, in the proper form. (See *Manufacturers & Producers, etc.* v. *United States*, 21 C. C. P. A. 591, T. D. 46996, and *A. Grove Knutsen* v. *United States*, 10 Cust. Ct. 326, C. D. 776.)

In this connection, it seems entirely proper to add that the collector not only condoned the arrogant, arbitrary, if not actually discourteous, attitude of customs officials under his supervision, but apparently went out of his way in an attempt to prevent the plaintiff from filing a valid appeal. The record discloses that although he may not have been required to do so if, in fact, plaintiff was a part of the personnel of the United States engaged in the foreign field, that he nevertheless submitted bills of sale in the form of affidavits by a responsible United States official as to the origin of the merchandise, which was entirely ignored.

Unfortunately, this court is without authority to reverse the actions of a collector of customs, however arbitrary, without evidence being submitted at the trial sufficient to prove the action illegal. Although there is insufficient proof,

acceptable in a court of law, there is a strong indication from remarks made by the appraiser at Honolulu, and the fact that the plaintiff was returning home after spending 2 years in China, that he was a part of the personnel of the United States engaged in the foreign field. In such case, he would come within the ruling that the personal and household effects of any person in the service of the United States, or of his family, returning to the United States under Government orders, are admissible without the payment of duty. See the case of *Eugene G. McAbee* v. *United States*, 22 Cust. Ct. 19, C. D. 1151, where it was held that the personal effects of a captain of the United States Army, even though comprising several valuable articles of one class, were exempt from duty under the provisions of Public Law 633, approved June 27, 1942, and within the terms of section 8.26b of the treasury regulations, as published in T. D. 50678.

Inasmuch, however, as the plaintiff failed to submit any evidence in the form of sworn testimony before this court, the action of the collector of customs, in assessing duty, which under the law is presumptively correct until proved erroneous, must be sustained. Under rule 6 (a) of the Rules of the United States Customs Court, the plaintiff may file a motion for rehearing with the clerk of the court at New York within 30 days from the entry of judgment, and request that a hearing be held at a port nearest his place of residence.

For the reasons stated, this court is constrained to enter judgment in favor of the Government.

CONCURRING IN THE RESULT

CLINE, Judge: I concur in the result.

CONCURRING IN THE RESULT

EKWALL, Judge: I concur in the holding of my associates that the protest should be overruled for lack of evidence. The only evidence of the facts surrounding the importation consists of the official report of the deputy collector, the baggage declaration, and entry. From such documentary evidence I can find no basis for the statements in the majority opinion concerning the actions of the customs officials. The allegations in the protest have no evidentiary value.