BEFORE THE THIRD DIVISION

MAY 4, 1960

No. 64140.—Hudson-Rissman and H. H. Elder & Co. *v.* United States, protests 59/3305 and 59/3478 (Los Angeles).—

DONLON, Judge: The merchandise in issue was imported at Los Angeles on various dates in 1956 and 1957. The entries were liquidated on July 9, 1958, and August 22, 1958. Protests were filed with the Los Angeles collector on

August 13, 1958, and September 26, 1958. On January 20, 1959, the collector forwarded to this court the protest of September 26, 1958, and, on January 26, 1959, the protest of August 13, 1958.

The September 26, 1958, protest was transmitted to the court with the collector's report, in usual form, that he had reviewed the protested decision in accordance with section 515, Tariff Act of 1930, and that he affirmed his decision.

The August 13, 1958, protest was transmitted to the court by the collector with a special report, which reads as follows:

In accordance with section 17.2(a) of the Customs Regulations, as amended by T.D. 54080, the court is advised that, at the time this protest was filed, the agent or attorney (H. H. Elder) who made, signed, and filed the protest was not named in a power of attorney authorizing such agent or attorney to make, sign, and file the protest. Therefore, the collector has not reviewed and modified or affirmed the protested decision as required by section 515, Tariff Act of 1930, for the reason that it has not been established that the protest was filed by a person authorized by section 514, Tariff Act of 1930.

Section 17.2(a) of the Customs Regulations, as amended by T.D. 54080, provides as follows:

17.2 *Power of attorney to file protest.*—(a) Except as hereinafter provided in this paragraph, no protest signed by an agent or attorney shall be granted or denied by the collector unless there has been filed or is filed with the protest in the collector's office a power of attorney on customs Form 5295 or 5295–A or other form as explicit in its terms as is the prescribed customs form, authorizing such agent or attorney to make, sign, and file the protest. Such powers of attorney issued by a partnership shall be limited to a period not to exceed two years from the date of receipt thereof by the collector. All other powers of attorney may be granted for an unlimited period. Any power of attorney shall be subject to revocation at any time by written notice given to and received by the collector. When a protest is filed by an agent or attorney not named in a power of attorney as required by this section, it shall be numbered and stamped with the date of receipt in order to establish whether it was filed within the period prescribed by section 514, Tariff Act of 1930. All information customarily furnished to the United States Customs Court and the Assistant Attorney General in the case of a valid protest should be supplied in the usual manner in connection with the merits of the purported protest together with a request to the Assistant Attorney General to move the United States Customs Court to dismiss the purported protest because of the lack of timely authority of the agent or attorney to file the protest in behalf of the principal. The purported protest shall not be granted or denied by the collector but shall be transmitted, together with the entry and accompanying papers and all exhibits connected therewith, to the United States Customs Court, with a communication explaining to the court that the agent or attorney who filed the purported protest was not named in a power of attorney, and that the collector has not reviewed and modified or affirmed the protested decision as required by section 515, Tariff Act of 1930, for the reason that it has not been established that the protest was filed by a person authorized by section 514, Tariff Act of 1930.

The issue raised by the collector attacks the protest. The collector has put this court on notice that it is his contention that it has not been established that the protest was filed by a person authorized by section 514, Tariff Act of 1930.

There is nothing in the record to enable the court to dispose of this issue. Therefore, submission in the consolidated cases is set aside. It was entered into by counsel before the court in New York. The consolidated cases will be placed on the trial calendar of the June 1960 term of this division in New York, in order that it may be established what are the merits of the issue the collector has raised.

Set aside the submission. Cases restored to June 1960 trial calendar of the third division in New York.