BEFORE THE THIRD DIVISION

AUGUST 29, 1960

No. 64482.—Hudson Rissman *v.* United States, protests 58/12088 and 58/12139 (Los Angeles).

JOHNSON, Judge: The merchandise covered by the entries involved in these protests, consolidated at the trial, consists of various earthenware articles imported from Italy in 1956 and 1957 and entered at the port of Los Angeles. The entries were liquidated on December 10, 1957, and March 14, 1958, respectively. Timely protests were filed, signed as follows:

HUDSON RISSMAN
8831 BEVERLY BLVD., LOS ANGELES  [in typewriting]
  by H. H. Elder—Attorney in fact [in ink]
LAWRENCE & TUTTLE, ATTORNEYS  [in printing]
  351 CALIFORNIA STREET
  SAN FRANCISCO 4

The collector forwarded the protests to the court without review, stating in each case:

In accordance with section 17.2(a) of the Customs Regulations, as amended by T.D. 54080, the court is advised that, at the time this protest was filed, the agent or attorney (H. H. Elder          ) who made, signed, and filed the protest was not named in a power of attorney authorizing such agent or attorney to make, sign, and file the protest. Therefore, the collector has not reviewed and modified or affirmed the protested decision as required by section 515, Tariff Act of 1930, for the reason that it has not been established that the protest was filed by a person authorized by section 514, Tariff Act of 1930.

Section 514 of said tariff act provides that a protest may be filed by an importer, consignee, or agent of the person paying the charge.

Section 17.2(a) of the Customs Regulations, as amended, provides that no protest signed by an agent or attorney shall be granted or denied by the collector unless a power of attorney has been filed in the collector's office, authorizing such attorney or agent to make, sign, and file the protest. Where no power of attorney has been filed, the collector is directed to transmit the protest, entry, and accompanying papers to this court with a communication stating that no power of attorney is on file and that, therefore, the collector has not reviewed his decision.

In such cases, plaintiff is entitled to a hearing before this court, at which time he may produce proof of the authority of the agent to file such protest or that the action of the agent has been ratified. *United States* v. *F. L. Kraemer & Co.*, 17 C.C.P.A. (Customs) 448, T.D. 43879; *United Bulb Co.* v. *United States*, 6 Cust. Ct. 78, C.D. 431; *A. Grove Knutsen* v. *United States*, 10 Cust. Ct. 326, C.D. 776.

In the instant case, no proof of agency was offered at the trial nor was the issue raised by the defendant. However, since the collector has put the court on notice that the protest may not have been filed by an authorized person, this issue must be disposed of before the case can be considered on its merits. *Hudson-Rissman and H. H. Elder & Co.* v. *United States*, 44 Cust. Ct. 453, Abstract 64140.

In order that the ends of justice may be served, the submission of the consolidated cases made by counsel at the port of New York is set aside. The cases will be placed on the trial calendar of the October term of this division in New York to give plaintiff an opportunity of proving that the protest was filed by an authorized person.

It is so ordered.