BEFORE THE THIRD DIVISION

OCTOBER 11, 1960

**No. 64728.**—Howard Berg; and Howard Berg and Frank P. Dow *v.* United States, protests 59/17705 and 59/10457 (Los Angeles).—

JOHNSON, Judge:  The merchandise covered by the entries involved in these protests consists of chinaware cups and saucers, imported from Japan between September 27, 1956, and March 13, 1958.

The entries covered by protest No. 59/17705 were liquidated on March 11, 1959, February 10, 1959, and February 10, 1959, respectively.  Timely protest was filed, signed as follows:

> HOWARD BERG [in typewriting]
> By  Abraham Gottfried [in ink]
> Abraham Gottfried, Attorney.

The entry covered by protest No. 59/10457 was liquidated on June 3, 1958.  Timely protest was filed, signed as follows:

| LAWRENCE & TUTTLE, ATTORNEYS | HOWARD BERG    L L T |
|---|---|
| 351 California Street | 3515 W. PICO BLVD. [in ink] |
| San Francisco 4 | FRANK P. DOW |
| [in print] | [in typewriting] |

Thereafter, a substitution of Abraham Gottfried as attorney of record was filed.

In forwarding the protests to the court, the collector stated in each case that, at the time the protest was filed, the agent or attorney who made, signed, and filed the protest was not named in a power of attorney authorizing such agent or attorney to make, sign, and file the protest.

Section 514 of the Tariff Act of 1930 provides that a protest may be filed by an importer, consignee, or agent of the person paying the charge.

Section 17.2(a) of the Customs Regulations, as amended, provides that no protest signed by an agent or attorney shall be granted or denied by the collector, unless a power of attorney has been filed in the collector's office, authorizing such attorney or agent to make, sign, and file the protest. Where no power of attorney has been filed, the collector is directed to transmit the protest, entry, and accompanying papers to this court, with a communication stating that no power of attorney is on file and that, therefore, the collector has not reviewed his decision.

In such cases, plaintiff is entitled to a hearing before this court, at which time he may produce proof of the authority of the agent to file such protest or that the action of the agent has been ratified. *United States* v. *F. L. Kraemer & Co.*, 17 C.C.P.A. (Customs) 448, T.D. 43879; *United Bulb Co.* v. *United States*, 6 Cust. Ct. 78, C.D. 431; *A. Grove Knutsen* v. *United States*, 10 Cust. Ct. 326, C.D. 776.

These cases have been submitted on a stipulation signed by Abraham Gottfried, as attorney for the plaintiffs, and by George Cochran Doub, Assistant Attorney General, Civil Division, by Richard E. FitzGibbon, chief, Customs Section, attorneys for the defendant. No statement as to agency is contained in the stipulation, nor has the defendant raised the issue. However, since the collector has put the court on notice that the protests may not have been filed by authorized persons, this issue must be disposed of before the case may be considered on its merits. *Hudson-Rissman and H. H. Elder & Co.* v. *United States*, 44 Cust. Ct. 453, Abstract 64140.

In order that the ends of justice may be served, the submission of these cases is set aside and they will be placed on the next Los Angeles docket, in order to give plaintiffs an opportunity of proving that the protests were filed by authorized persons.

It is so ordered.