(C.D. 2237)

HUDSON-RISSMAN
H. H. ELDER & Co. } *v.* UNITED STATES

United States Customs Court, Third Division

(Decided February 9, 1961)

*Lawrence & Tuttle* (*Barnes, Richardson & Colburn* by *Edward N. Glad* and *Paul J. Gavin* of counsel) for the plaintiffs.

*William H. Orrick, Jr.,* Assistant Attorney General (*Sheila N. Ziff* and *Murray Sklaroff,* trial attorneys), for the defendant.

Before JOHNSON, DONLON, and RICHARDSON, Judges; DONLON, J., concurring and dissenting in part; RICHARDSON, J., concurring

JOHNSON, Judge: In these protests, consolidated at the trial, it is claimed that merchandise described as original paintings on glass, assessed with duty at 30 per centum ad valorem under paragraph 218(f) of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, T.D. 51802, and T.D. 51898, as articles of colored glass is entitled to free entry under paragraph 1807 as original paintings or is dutiable at 10 per centum ad valorem under paragraph 1547(a), as modified by the General Agreement on Tariffs and Trade, T.D. 51802, as works of art.

Prior submission of these cases was set aside to permit the introduction of evidence to establish that protest No. 59/3478 was filed by an authorized person. *Hudson-Rissman et al.* v. *United States*, 44 Cust. Ct. 453, Abstract 64140. Evidence of such authorization has been produced by stipulation of the parties. We overrule the collector's objection and hold that said protest was filed by a duly authorized attorney for the plaintiffs.

The merchandise involved in this case consists of an article covered by protest No. 59/3305, described on the invoice as an original painting on glass, signed by Dube, and articles covered by protest No. 59/3478, described on the invoice as a decorated bowl for wall, listed as a manufacture of glass, and wall decorations of painted glass by Dube on various backgrounds and, respectively, entitled "Abstraction," "Arena," and "Fish," listed as original works of art.

The provisions of the tariff act, under which claims are made, read as follows:

PAR. 1807. Original paintings in oil, mineral, water, or other colors, * * * and the words "painting," * * * as used in this paragraph shall not be understood to include any articles of utility or for industrial use, * * *. [Free.]

PAR. 1547. (a) Works of art, including (1) paintings in oil or water colors, * * * 20 per centum ad valorem.

[PAR. 1547, as modified by the General Agreement on Tariffs and Trade, T.D. 51802].

Works of art, not specially provided for:
    Paintings in oil or water colors, * * *_____ 10% ad val.

The articles involved herein are not articles of utility or for industrial use. The question before the court is whether they are classifiable as original paintings under paragraph 1807 or as works of art under paragraph 1547 or said paragraph, as modified, as claimed by the plaintiffs, or are properly dutiable as assessed by the collector as articles of colored glass.

The only evidence that any of the items involved is a work of art is contained in the testimony of Robert H. Rissman. Mr. Rissman is a copartner in a wholesale accessory and arts shop, which sells objects of art and other commercial items, such as ashtrays, cigarette boxes, baskets, wooden tables, iron or steel benches, glass shelves, photographs, trays, flower containers, book ends, wastepaper baskets, and umbrella holders. He stated that he had been collecting art for 25 years, but gave no details as to type. While he said he had majored in art in school and had spent most of his life studying, he did not specify what schools he attended nor under whom he had studied. He also said he had visited museums and attended openings of art shows and that it was part of his business to know artists and to be able to recognize fine art in order to know the value of the objects he

sells. He is in the wholesale business and sells primarily to interior decorators and dealers. His conception of a work of art is as follows:

Well, it is something to me that is completely original in its concept and it is something that seems to remind you that it would have a lasting effect. It is actually I feel, it is something if you recognize, if you have been in the field a long time, it is something you recognize. You sort of know it is a work of art and especially if it is a painting regardless.

The merchandise involved in this case consists of paintings on glass and a bowl, designed and signed by one Dube. The witness testified that he had first heard of Dube about 5 years ago through Fontana, a manufacturer of crystal in Milan; that, subsequently, Amberg and Hirth (who were not otherwise identified) told him of his work; that he ordered some paintings and then went to Europe to see Dube and recognized him as a fine artist. He learned that Dube had been educated at the University of Bologna and that his work was represented in museums in Milan, Rome, and Vienna. He did not specify the museums or state whether the works were on permanent exhibit.

The witness testified that he had imported about 2 dozen Dube items over the last 3 years. He mentioned one in particular which he said was an original piece, never duplicated. He described the items as large paintings on thick crystal glass, painted on the reverse side in oil and sealed. He added that they were imported through Fontana who does the glass and that Dube does the work for Fontana. He had never sold any of Dube's work to an art gallery and explained that he could not because he is in the wholesale business.

There is no testimony that the paintings on glass are works of art, and the only evidence in regard to the bowl is as follows:

XQ. I refer you to entry under Protest 59/3478, unit No. 1088, decorative bowl for wall, irregular shape, 51 centimeters diameter, was this made by Dube?—A. That is Dube.

XQ. You claim that to be a work of art?—A. Yes. It is a wall treatment. They happen to call it a bowl there.

The record as presented does not establish Mr. Rissman as an art expert, nor even as an art dealer, but as a seller of various items to dealers and interior decorators. His conception of a work of art is extremely vague and does not show him to be qualified as a judge thereof. The testimony which he gave is clearly insufficient to establish that any of the items, including the bowl, is an original painting within the meaning of paragraph 1807 or a work of art within the purview of paragraph 1547.

While the articles covered by paragraph 1547 are not the "fine art which is the product of a somewhat rare and a very special genius" provided for in paragraph 1807 (*Wm. S. Pitcairn Corp.* v. *United States*, 39 C.C.P.A. (Customs) 15, 34, C.A.D. 458), not all decorative articles are included therein. *United States* v. *Mrs. Adelaide Ehrich*,

22 C.C.P.A. (Customs) 1, T.D. 47019. There must be some evidence to show that the items in question are in fact works of art. In the *Pitcairn* case, it was held that the phrase "works of art" in paragraph 1547(a) contemplates that the original statuary or sculptures shall be the work of professional artists, but that the copies, replicas, or reproductions of figurines coming from molds need not receive the inspection, supervision, and care of a professional sculptor. In the instant case, whether or not Dube was a professional artist or a skilled artisan in the employ of Fontana does not clearly appear.

On the record presented, the protests are overruled. Judgment will be rendered for the defendant.

### CONCURRING IN PART AND DISSENTING IN PART

DONLON, Judge: I concur with my colleagues that the evidence of record shows that the articles of this litigation are not articles of utility or for industrial use, and I concur also that there is no evidence that the paintings on glass are works of art. I am of opinion, however, that there is a *prima facie* case, established to be sure by testimony defendant elicited on cross-examination, that the bowl here in question is a work of art within the scope of the dutiable provision of paragraph 1547. The witness Rissman so testified.

That defendant is bound by the adverse testimony it elicits, is well established. It is evidence to be weighed with other evidence.

As Judge Richardson pointed out in *United States* v. *Baar & Beards, Inc.*, 40 Cust. Ct. 874, 881, A.R.D. 85, citing authorities:

If there be contained therein [the Government's evidence] competent evidence beneficial to the importer, we think [the] importer is entitled to have the same considered and weighed along with all the evidence in the case. [*Golding Bros. Co., Inc.* v. *United States*, 21 C.C.P.A. (Customs) 395, 400, T.D. 46926. See also *Florea & Co., Inc.* v. *United States*, 7 Cust. Ct. 581, Reap. Dec. 5489.]

The court of appeals reversed the decision on the ground, *inter alia*, that what had been held below to be competent evidence was, in fact, merely a conclusory statement and, therefore, not evidence at all. The established ruling, cited above, was not reversed, namely, that *evidence* elicited by defendant is entitled to weight.

Here, the evidence identifying the article as a work of art is the only evidence on that subject, and it is not overcome by any other testimony. There is nothing else against which to weigh it. That, in my view, makes a *prima facie* case.

While certainly it is true that not all decorative articles are included as works of art within the provision of paragraph 1547, as my colleagues correctly state, there are included in paragraph 1547 those inexpensive articles which are shown by the evidence of record to be works of art. We are not here concerned, as was the court in *Wm. S. Pitcairn Corp.* v. *United States*, 39 C.C.P.A. (Customs) 15, C.A.D.

458, with copies, replicas, or reproductions of figurines from molds. This bowl is an original. That original works of art, relatively inexpensive, are subject to the paragraph 1547 duty was stated by our court of appeals in the *Pitcairn* case, *supra*: "It seems not inappropriate to suggest at this point that the Congress which passed the 1930 Act evidently felt that there are, at least for tariff purposes, works of art, including statuary and sculptures, which are of low value so far as dollars and cents are concerned." (P. 26.)

As to the qualifications of Mr. Rissman, the witness who testified, I find his qualifications, as a student and day-by-day practitioner of the decorative arts, sufficient to give evidentiary value to his testimony as to articles dutiable under paragraph 1547.

### CONCURRING OPINION

RICHARDSON, Judge: I should like to append a word to Judge Johnson's opinion, with which I concur.

I share the view that all evidence adduced in a case, whether it be by the plaintiff or the defendant, is entitled to weight, and I so stated in the case of *United States* v. *Baar & Beards, Inc.*, 40 Cust. Ct. 874, 881, A.R.D. 85. The plaintiff in that case introduced only an affidavit which the Court of Customs and Patent Appeals, in reversing the decision of the majority opinion of this division, ruled to be "the conclusions of the affiant." The Court of Customs and Patent Appeals did not rule on the competency and availability of the defendant's evidence to establish the plaintiff's case and concluded that "Since, however, no substantial evidence showing error in the appraiser's valuation *was presented by the importer*, there is no obligation on the part of the Government to offer any evidence." [Italics added.]

In the instant case, while it is true that the plaintiff did answer "Yes" to the question on cross-examination by the Government: "You claim that to be a work of art?" it is insufficient to establish the bowl as a work of art.