**No. 69112.**—John L. Westland & Son, Inc. *v.* United States, protest 60/16937 (San Diego).

NICHOLS, Judge: The merchandise involved in this case, described on the invoice as mixed board, was assessed with duty at 20 per centum ad valorem under paragraph 405 of the Tariff Act of 1930, as modified, as other plywood. It is claimed, among other things, that it is properly dutiable at 16⅔ per centum ad valorem under paragraph 412 of said tariff act, as modified, as manufactures of wood, not specially provided for.

Counsel for the respective parties have submitted this case on a stipulation reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, as to merchandise covered by the protest enumerated in the annexed Schedule, which is incorporated herein:

1. That the merchandise represented by the items marked "A" and initialed *SN* by *S. Nyschot* on the invoices accompanying the entry covered by the protest enumerated in the attached Schedule, consists of so-called mixed board which was assessed with duty at 20% ad valorem under Par. 405 of the Tariff Act of 1930, as modified, and which is claimed properly dutiable at only 16⅔% ad valorem under Par. 412 of said Act as modified by T.D. 52373, as manufactures of wood, not specially provided for. That the merchandise consists of manufactures which:

(a)   are in chief value of wood;

(b)   consist of two thin sheets of wood, with a sheet of paper between them; the grain of which run in the same direction, and not at right angles to each other;

(c)   are not plywood;

(d)   are not specially provided for in the Tariff Act of 1930 as modified.

2.   That the merchandise is the same in all material respects as the mixed board the subject of *John L. Westland & Son, Inc. a/c Birch Plywood Sales Co.* v. *United States*, Abstract 68047, 51 Cust. Ct. 230, wherein said merchandise was held properly dutiable at only 16⅔% ad valorem under Par. 412 of said Act, as modified by T.D. 52373, supplemented by T.D. 52476.

3.   That the record in Abstract 68047 may be incorporated with the record in this case.

4.   That this protest may be deemed submitted on this stipulation and the record thus made.

It is noted that John L. Westland & Son, Inc., presumably a customs house broker, made the entry herein in its own name as importer of record for account of Birch Plywood Sales.   A Mr. Carlton L. Hutchins signed the entry on behalf of the brokerage firm.      Mr. Hutchins also signed the protest herein on the letterhead of John L. Westland & Son, Inc., describing himself as "Manager." In forwarding the protest to this court, the collector referred to section 17.2 of the Customs Regulations and advised that, in accordance with that section, the protest had neither been granted nor denied, there having been no proper power of attorney, on customs Form 5295, filed on behalf of Mr. Hutchins.   In this court, counsel for the Government has raised no question as to the sufficiency of the protest.   However, the court of its own motion has given consideration to the collector's report, in view of *Hudson-Rissman and H. H. Elder & Co.* v. *United States*, 44 Cust. Ct. 453, Abstract 64140; *Hudson Rissman* v. *United States*, 45 Cust. Ct. 249, Abstract 64482; *Howard Berg et al.* v. *United States*, 45 Cust. Ct. 324, Abstract 64728; and the decision of the late Judge Mollison in *Rico Products Co. et al.* v. *United States*, 46 Cust. Ct. 73, C.D. 2236.

This is a 1960 protest.   In 1956, section 17,2 was amended by T.D. 54080 to provide in substance that collectors shall not grant or deny protests, unless there is filed a power of attorney on customs Form 5295 or 5295–A.   If an agent or attorney not named in such a power of attorney files a protest, the collector is to number it, date stamp it, furnish the information customarily furnished with a valid protest, and request the Assistant Attorney General to move this court to dismiss the protest for lack of timely authority to file the protest.   He is to transmit it to this court with an explanation that the agent or attorney who filed it was not named in such a power of attorney and, therefore, he has not reviewed, modified, or affirmed the protested decision.

A careful study of the Customs Regulations as they stood on the date of this protest does not remove all uncertainty as to what the Customs Service intended to require by way of power of attorney in the precise circumstances here involved. Cf. section 8.19.   The cases cited, *supra*, are possibly distinguishable in that in all of them the person signing the protest called himself "Attorney" or "Attorney in fact," thus bringing himself clearly within the regulation.   It is not obvious that, in section 17.2, the Customs Service intended to do more than control the actions of its own officers.   If it intended to prescribe the form of protests valid to invoke the jurisdiction of this court, one searches the Tariff Act of 1930 in vain for the delegation of any such power.   The papers do not reflect whether the collector made the request of the Assistant Attorney General that

section 17.2 prescribes, but if he did, no such motion has been made. We cannot assume that counsel are out of touch with the wishes of their client. Finally, it does not impress as good judicial administration to entertain an attack on a pleading, filed with us by a person, the collector, who is neither a party nor enrolled as counsel. For these reasons, and incorporating herein the late Judge Mollison's able opinion, *cit.*, *supra*, we consider ourselves constrained to hold that the collector's report must be disregarded for purposes of this case. Government counsel may base on such reports such motions or other action as they may decide upon, in future cases. They would come too late in this case.

The result we reach, and that reached in all the authorities cited, have alike this unfortunate consequence: As long as the regulations, as interpreted, remain unchanged, a litigation bent person has an easy procedure opened up before him, by which he can bring his case to this court and frustrate the intent of the Congress, that the administrative agency should have a last chance to correct its errors. The exhaustion of administrative remedies is a matter of high public policy, undoubtedly. Clearly, any protest should be considered by the Customs Service on its merits, if it is sufficient to cause this court so to consider it. However, as we think the result we reach herein is required by law, it follows that corrective action must be taken elsewhere, if it is to be taken at all.

In view of the stipulation and on the authority of the decision cited, we hold that the merchandise represented by the items marked with the letter "A" and with the initials of the examiner on the invoice accompanying the entry covered by the protest herein is properly dutiable at 16⅔ per centum ad valorem under paragraph 412 of the Tariff Act of 1930, as modified by the Annecy Protocol to the General Agreement on Tariffs and Trade, T.D. 52373, supplemented by T.D. 52476, as manufactures in chief value of wood, not specially provided for.

To that extent, the protest is sustained. As to all other claims, it is overruled. Judgment will be rendered accordingly.